■ PARKSIDE MEMORIAL CHAPELS, INC., Respondent-Appellant, and GARLICK FUNERAL HOMES, INC., Appellant-Respondent, v E. R. B. REORGANIZATION CORPORATION, Defendant, REUBEN WEITZMAN, Appellant-Respondent, and S. D. LEIDESDORF & Co., Respondent-Appellant.—In consolidated actions wherein (1) Parkside Memorial Chapels Inc. (Parkside), seeks, *inter alia,* to require specific performance of a reorganization agreement by Garlick Funeral Homes, Inc. (Garlick), and (2) Garlick seeks, *inter alia,* a judgment declaring that a report prepared pursuant to the reorganization agreement by an independent auditor, S. D. Leidesdorf & Co. (Leidesdorf), failed to

comply with that agreement and, therefore, is of no force and effect, the parties cross-appeal from a judgment of the Supreme Court, Queens County, entered April 29, 1975, which, after a nonjury trial, *inter alia,* (1) ordered that the reorganization agreement be specifically performed to the extent that Parkside and Garlick distribute the proceeds of a certain bank account jointly maintained by them and (2) declared that Leidesdorf performed its obligations pursuant to the terms of the agreement. Judgment modified, on the law, by adding to the third decretal paragraph thereof, immediately after the words "dismissed on the merits", the following: "except the cause of action which seeks reasonable attorneys' fees and, as to said cause of action, a hearing shall be held to determine the amount of the fee which shall be paid by Garlick Funeral Homes, Inc.". As so modified, judgment affirmed, without costs or disbursements. The findings of fact are affirmed. J. S. Garlick Parkside Memorial Chapels, Inc. (Garlick-Parkside), had engaged in the business of performing funerals and providing ancillary services from chapels located in The Bronx, Brooklyn, Queens and Westchester. Two thirds of the stock was owned by the Goldstein family and the remaining one third was owned by the Garlick family. The shareholders determined that it was in their best interests to reorganize the corporate affairs of Garlick-Parkside into two separate and distinct business organizations to be continued separately and independently, one by the Goldstein shareholders (Parkside) and one by the Garlick shareholders (Garlick). To achieve this end they entered into a lengthy "Agreement and Plan of Reorganization". To arrive at an unbiased determination of the accounting aspects of the agreement, and to ensure the final resolution of all disputes relating thereto, the Goldsteins and Garlicks engaged Leidesdorf, a firm of certified public accountants, as an independent auditor to prepare and report on financial statements of Garlick-Parkside as of April 9, 1971 (the effective date of the agreement) and to prepare certain schedules required by the agreement. The agreement further provided that all determinations made by Leidesdorf were binding and conclusive upon the parties and that, in the event of a breach of the agreement, the successful party to litigation arising therefrom should be entitled to reasonable attorneys' fees. For the reasons expressed in the opinion of the court at Trial Term, we are of the view that the Leidesdorf report and opinion were prepared after a full audit, in accordance with generally accepted accounting principles consistently applied, except as limited by the terms of the reorganization agreement, and are binding upon Parkside and Garlick. With respect to the remaining issues raised, except for the reasonableness of the attorneys' fees, we are also in full agreement with the Trial Term's determinations, for the reasons set forth in its opinion. As between Parkside and Garlick, the only signatories to the agreement, Parkside was clearly the successful party. Thus, under the reorganization agreement, it is entitled to reasonable attorneys' fees. The amount of those fees can only be determined after a full hearing. Latham, Acting P. J., Damiani, Hawkins and O'Connor, JJ., concur.