■ PARKSIDE MEMORIAL CHAPELS, INC., Respondent, v GARLICK FUNERAL HOMES, INC., Appellant, et al., Defendant. (Action No. 1.) (And a Title in Action No. 2.)—In an action, *inter alia,* to recover reasonable attorneys' fees pursuant to a reorganization agreement, defendant Garlick Funeral Homes, Inc., appeals from a judgment of the Supreme Court, Queens County, dated August 3, 1977, which, after a hearing, granted plaintiff attorneys' fees in the amount of $59,031, plus disbursements. Judgment affirmed, without costs or disbursements. On a prior appeal involving the parties herein, this court, by order dated December 6, 1976, modified a judgment entered in plaintiff's favor after a nonjury trial by directing that a hearing be held to determine the amount of reasonable attorneys' fees to which plaintiff was entitled *(Parkside Mem. Chapels v E. R. B. Reorganization Corp.,* 55 AD2d 599, app dsmd 41 NY2d 900). Those fees were to be awarded plaintiff pursuant to a reorganization agreement which provided that, in the event of a breach of the agreement, the successful party to litigation arising therefrom would be entitled to reasonable attorneys' fees. At the hearing upon the remand, plaintiff sought to recover $105,835 as reasonable attorneys' fees. The Trial Term awarded plaintiff a total of $59,031 in attorneys' fees, an amount more than $46,000 less than the amount sought by plaintiff. On the present appeal, defendant-appellant argues that of the $105,835 in attorneys' fees sought by plaintiff, $25,442.50, or 23.9% thereof, represented counsel fees incurred to collect counsel fees, which services are not compensable (see *Doyle v Allstate Ins. Co.,* 1 NY2d 439; *Grimsey v Lawyers Tit. Ins. Co.,* 31 NY2d 953). Accordingly, defendant argues that there must be deducted from the $59,031 counsel fee awarded, 23.9% thereof, or $14,108.41, as improperly awarded counsel fees for the recovery of counsel fees. We disagree. Defendant's basic error is its assumption that the Trial Term did not deduct counsel fees incurred to recover counsel fees when it reduced plaintiff's request from $105,835 to $59,031. In its memorandum decision, the Trial Term excluded from recovery, as one example of an abuse in billing, "preparation for the hearing before this court by two attorneys" who "totaled over 150 hours up until March 2, 1977." Moreover, the amount reduced by the Trial Term from plaintiff's request, i.e., $46,000, clearly exceeded any amount attributable to counsel's efforts to recover counsel fees. With respect to the latter, we find that the amount of time billed for legal services provided to plaintiff after December 6, 1976 through the completion of the hearing, based upon Exhibit 11, was $20,485, and not the $25,442.50 figure arrived at by defendant-appellant from estimates given by plaintiff's counsel dating as far back as February, 1973. In view of these circumstances, it can just as logically be argued, in response to defendant-appellant's argument, that the fees incurred by plaintiff's counsel to collect counsel fees were deducted by Trial Term before it reached its final sum of $59,031, and we so find. To employ defendant-appellant's suggestion of applying 23.9% to the final award of $59,031 would give it the benefit of a double reduction on this particular issue. For these reasons we conclude that it is unnecessary to further prolong this litigation, which has spanned a period of five years, by remanding for a further hearing on this issue. We have considered the other points raised by

defendant-appellant and find them to be without merit. Damiani, J. P., Titone, Suozzi and O'Connor, JJ., concur.