■ EILEEN SCHUSSLER, Respondent, v GEORGE SCHUSSLER, Appellant.—In a matrimonial action, the defendant husband appeals from an order of the Supreme Court, Nassau County (Samenga, J.), dated December 13, 1985, which, after a hearing, awarded the plaintiff wife counsel fees in the amount of $9,345 and disbursements in the amount of $70.

Order modified, on the law and in the exercise of discretion, by reducing the award of counsel fees awarded to the plaintiff from $9,345 to $1,500. As so modified, order affirmed, without costs or disbursements.

The plaintiff is entitled to an award of counsel fees for amounts expended in defense of the defendant's application for a change of custody of the parties' son *(see,* Domestic

Relations Law § 237 [b]; *Borakove v Borakove,* 116 AD2d 683). She is not entitled, however, to an award of counsel fees for amounts expended in an attempt to obtain an award of counsel fees, since such counsel fees are not authorized by Domestic Relations Law § 237 (b) *(cf. Hempstead Gen. Hosp. v Allstate Gen. Ins. Co.,* 106 AD2d 429, *affd* 64 NY2d 958; *Parkside Mem. Chapels v Garlick Funeral Homes,* 61 AD2d 1028, *lv denied* 44 NY2d 647). We have therefore deleted that portion of the award which represented counsel fees for obtaining an award of counsel fees.

The injunction imposed by Special Term was an appropriate judicial response under the circumstances *(see, Gabrelian v Gabrelian,* 108 AD2d 445, *appeal dismissed* 66 NY2d 741). The defendant was properly enjoined from instituting further litigation until such time as all counsel fees awarded to the plaintiff, including those awarded in earlier proceedings, are paid.

We have reviewed the defendant's remaining contentions and have determined that they are without merit. Bracken, J. P., Brown, Weinstein and Rubin, JJ., concur.