■ GUY P. WYSER-PRATTE, Appellant, v JUDITH N. WYSER-PRATTE, Respondent.—Order, Supreme Court, New York County (Richard D. Rosenbloom, J.), entered on or about February 6, 1989, which, after a hearing by Special Referee Alex Colgan, directed plaintiff to pay defendant's counsel fees in the amount of $111,740.27 to her attorneys Shaw, Licitra, Eisenberg, Esernio, and Schwartz, P. C., and $17,600 to her former attorney, Richard H. Wels, Esq., less any amount plaintiff has previously paid directly to Mr. Wels, affirmed, without costs.

We find that the amount of the fees awarded was warranted on the basis of the itemized time records submitted and the testimony of counsel before the Referee. That amount was properly reduced by one third in view of the finding that one third of counsel's time was expended in relation to defendant's nonmarital, contractual and equitable claims regarding the cooperative apartment. Attorney's fees are not recoverable for nonmarital claims pursuant to Domestic Relations Law § 237 *(see, e.g., Feldman v Feldman,* 58 AD2d 882). The direction that plaintiff pay 80% of the counsel fees was appropriate in light of the relative financial resources of the parties. *(See, DeCabrera v Cabrera-Rosete,* 70 NY2d 879.)

Contrary to the position taken by the dissent, we also find that the IAS court properly awarded fees for the time spent by counsel in preparing the application for fees. Domestic

Relations Law § 237 specifically authorizes the award of counsel fees in a matrimonial proceeding such as the one before us. The purpose of the statute is to enable the less affluent spouse to obtain appropriate services necessary for the presentation of his or her case by allowing the court to make the more affluent spouse financially responsible for these services. The purpose is not to reward the spouse, but to "enable [the less affluent] spouse to carry on or defend the action or proceeding" (Domestic Relations Law § 237 [a]) so that even though the parties may not have equal bargaining positions, the more affluent spouse should not be afforded further leverage by reason of inequality of representation during the litigation process.

In that context, the award of fees for the time reasonably spent in making the application for counsel fees, and in proceedings relative thereto, comports with the general purpose of the statute and should be encompassed within its scope. If the time spent in applying for fees was not included in the award, then the very purpose of the statute could be frustrated by the more economically advantaged spouse engaging in protracted proceedings on the fee application and thereby burdening the less affluent spouse with onerous counsel fees. Indeed, in this case, the fees for the time spent on the fee application total the not insubstantial sum of $5,000. It should also be noted that this expense was largely brought about by the plaintiff's objection to the fees requested and his demand for a hearing. Reason and fairness dictate that the defendant should not be financially penalized for the time necessarily spent participating in such proceedings.

While the Second Department case cited by the dissent, *Schussler v Schussler* (123 AD2d 618), holds to the contrary, the brief memorandum in that case makes no mention of the underlying facts or circumstances, and appears to rely on two nonmatrimonial cases which are readily distinguishable. One case, *Parkside Mem. Chapels v Garlick Funeral Homes* (61 AD2d 1028, *lv denied* 44 NY2d 647), involves a contractual provision for counsel fees in a reorganization agreement. The other, *Hempstead Gen. Hosp. v Allstate Gen. Ins. Co.* (106 AD2d 429, *affd* 64 NY2d 958), concerns the No-Fault Insurance Law. In *Hempstead*, regulations promulgated by the Superintendent of Insurance pursuant to the "No-Fault" Law expressly delineated and limited the circumstances under which attorney's fees could be awarded and the amounts thereof. Here, in distinction, the Domestic Relations Law provides for the payment of counsel fees without express

limitation, and consequently a court is not similarly circumscribed. Indeed, the Court of Appeals has held that Domestic Relations Law § 237 leaves "the courts with flexibility when considering applications for counsel fees". *(DeCabrera v Cabrera-Rosete, supra,* at 881.)

Under circumstances such as are here present, the salutary and beneficial purposes of Domestic Relations Law § 237 are furthered by sustaining the award of a fee for the legal services rendered in connection with the award of counsel fees in the matrimonial action. Concur—Ross, J. P., Milonas and Ellerin, JJ.

Asch, J., dissents in part in a memorandum as follows: I believe that the nisi prius court erred in awarding defendant attorney's fees of $5,000 for time spent by counsel in preparing the application for fees. Counsel fees for time expended in an attempt to obtain an award of counsel fees are not authorized by Domestic Relations Law § 237 (b) *(see, Schussler v Schussler,* 123 AD2d 618, 619, *appeal dismissed* 69 NY2d 822, *lv denied* 69 NY2d 612). This comports with the policy purpose of Domestic Relations Law § 237, which seeks not to deter litigation but to provide for the adequate representation of spouses who could not otherwise afford counsel *(cf., Kumble v Windsor Plaza Co.,* 128 AD2d 425). Accordingly, I would modify the order solely to delete an amount equal to 80% of the $5,000 which plaintiff was directed to pay for such fees.