■ RAUL DELGADO, Appellant, v CATHERINE DELGADO, Respondent.—Judgment, Supreme Court, New York County (Nathaniel T. Helman, J.H.O.), entered April 13, 1988, which, *inter alia,* awarded defendant wife one half of the amount of the police pension benefits which plaintiff husband will receive at age 65, directed plaintiff to pay the monthly rental on an apartment which is to be obtained by defendant, directed plaintiff to pay the defendant's moving expenses to said apartment, directed plaintiff to pay for the installation of fixtures in said apartment, and limited plaintiff's visitation with the parties' three minor children, who were in the defendant's

custody, is unanimously modified, on the law, on the facts, and in the exercise of discretion, to the extent of (1) limiting defendant's interest in plaintiff's police pension fund to 50% of the corpus which accumulated during the marriage and prior to the commencement of the divorce action, (2) vacating the award to the defendant for monthly apartment rental, moving expenses, and fixture installation costs, and remanding that matter to the hearing court to fix a monetary limitation on those items, and (3) expanding plaintiff's visitation with the parties' three minor children to include, away from the custodial residence, from 8:00 A.M July 1 to 10:00 P.M. July 31, and 8:00 A.M December 22 to 10:00 P.M. December 26, and except as so modified, otherwise affirmed, without costs.

On May 12, 1973, the parties were married in New York County. Thereafter, in 1985, plaintiff husband commenced a divorce action against defendant wife. Following the joinder of issue, by order, Supreme Court, New York County, entered on or about March 3, 1987, the matter was referred to a Judicial Hearing Officer (J.H.O.).

When the hearing commenced in June 1987, the family status and economic condition of the respective parties were, as follows:

The parties have three minor children, who are: Christopher, aged 11, Gregory, aged 9, and Lauren, aged 4.

Plaintiff husband is a sergeant in the New York City Police Department, with 14 years' service, and he earns a base pay of $43,000 annually, plus overtime. Also he is superintendent of an apartment building which is located at 114 East 71st Street, Manhattan, and for his services in that capacity, he receives average annual compensation of approximately $2,000, a free two-bedroom basement apartment in that building, free basic telephone service, and free basic Home Box Office service.

During the entire marriage, defendant has been employed as a waitress, barmaid, and, most recently as a manager, and she earns between $200 and $250 weekly from salary and gratuities.

After completion of the hearing, the J.H.O., by judgment entered April 13, 1988, *inter alia,* awarded defendant one half of the amount of the police pension benefits which plaintiff will receive at age 65, awarded defendant the custody of the minor children, directed plaintiff to pay the monthly rental of an apartment which is to be obtained by the defendant, directed plaintiff to pay the moving expenses to said apart-

ment, directed plaintiff to pay for the installation of fixtures in said apartment, and limited plaintiff's visitation with the children. Plaintiff appeals.

We find that the J.H.O. erred in his pension award to defendant, since it is well-settled law that defendant's 50% interest must be limited to the corpus of the plaintiff's police pension fund which accumulated "between the date of the marriage and the commencement of a matrimonial action, even though the rights are unmatured at the time the action is begun" *(Majauskas v Majauskas,* 61 NY2d 481, 486 [1984]).

Further, we find that the J.H.O. erred in directing plaintiff to pay defendant, when she obtains an apartment, unspecified sums for apartment rental, moving expenses, and the costs of the installation of fixtures in said apartment, since "[s]uch open-ended payments are improper" *(Chasnov v Chasnov,* 131 AD2d 624, 625 [1987]). Moreover, we find that the instant open-ended award is subject to potential abuse since, pursuant to same's terms, defendant can rent the most expensive apartment, as well as use the most expensive moving company, and install the most expensive apartment fixtures. Accordingly, we remit the matter to the hearing court "to fix a monetary limitation on these obligations" *(Weinstein v Weinstein,* 125 AD2d 301, 303 [1986]).

Our review of the record indicates that the J.H.O. found "that each of the parties has an equal and sincere affection for the children and desires their companionship in every way possible". The Court of Appeals states, in *Weiss v Weiss* (52 NY2d 170, 175 [1981]), "[h]ow valuable the mature guiding hand and love of a [noncustodial] parent may be to a child is taught by life itself. This is surely so when the parent-child relationship is carefully nurtured by regular, frequent and welcomed visitation". Based upon the facts herein, and the legal authority *supra,* we find that the J.H.O. unduly restricted the plaintiff's visitation with his children, and therefore, in the exercise of our discretion, we expand such visitation as set forth in the decretal paragraph.

We have considered the other contentions of the parties, and find them to be without merit.

Accordingly, we modify the judgment, as discussed *supra.* Concur—Ross, J. P., Carro, Asch and Rubin, JJ.