■ LINDA P. GOLDFARB, Respondent-Appellant, v STEPHEN GOLDFARB, Appellant-Respondent.—Judgment, Supreme Court, New York County (Harold J. Baer, Jr., J.), entered April 27, 1990, which, *inter alia,* granted defendant's cross-motion for divorce, awarded plaintiff maintenance in the amount of $600 per month commencing upon the signing of the judgment and terminating upon plaintiff's remarriage or the death of either party, directed defendant to pay *pendente lite* maintenance arrears and reimbursement for non-elective non-reimbursed medical and dental expenses, and directed defendant to maintain a policy of health insurance covering all expenses not covered by Medicare, unanimously modified, without costs, on the law, the facts and in the exercise of discretion, to direct that defendant shall pay for any unreimbursed, non-elective medical expenses incurred by plaintiff subsequent to entry of the judgment and prior to plaintiff's remarriage or the death of either party, up to the maximum sum of $3,000 per year, and otherwise affirmed.

At the time of their marriage in November, 1982, the plaintiff-wife, 42 years old, suffered from Charcot-Marie-Tooth Syndrome. In July, 1985, due to her deteriorating condition, she ceased employment as an interior decorator, at which she earned approximately $28,000 annually, and began collecting $770 monthly in social security benefits. Earlier, in February,

1984, the defendant, afflicted with Parkinson's Disease, was compelled to discontinue his employment as a litigation attorney, collecting disability benefits of approximately $47,000 yearly, as opposed to the salary of more than $80,000 which he had previously earned.

We reject defendant's argument that the court should not have awarded plaintiff permanent maintenance. The record evidence supports the view that plaintiff is not and will not be self-supporting. Notwithstanding her ability to perform volunteer work on a very limited basis, her condition precludes employment and retraining. *(See, Brownstein v Brownstein,* 167 AD2d 127.) Furthermore, it cannot be said the award was excessive because it exceeded 15% of defendant's gross income, since there is no set formula for fixing maintenance. *(Wilson v Wilson,* 101 AD2d 536, 539, *appeal dismissed* 63 NY2d 768.)

The court committed no error in directing defendant to maintain a policy of health insurance for plaintiff's benefit. In this regard, we note that the contrary reasoning expressed in *Armando v Armando* (114 AD2d 875), was based on a rule of the Appellate Division, Second Department which had no counterpart in this Court and was itself later rescinded *(Pulitzer v Pulitzer,* 134 AD2d 84; Domestic Relations Law § 236 [B] [8] [a]). An award of this kind should be set aside only where it is clearly subject to potential abuse, which is not found in the present matter. *(Delgado v Delgado,* 160 AD2d 383.)

In light of defendant's failure to make the requisite showing of good cause pursuant to Domestic Relations Law § 244, the court properly made the award of maintenance effective upon signing of the judgment, rather than retroactive, which would have effectively cancelled out the arrears due to plaintiff pursuant to the *pendente lite* award. *(See, Scagnelli v Scagnelli,* 127 AD2d 754.) Defendant has failed to demonstrate that the award of counsel fees was in any way improper pursuant to Domestic Relations Law § 237, since the disability income received by defendant is approximately five times greater than plaintiff's annual social security disability benefits. *(See, Wyser-Pratte v Wyser-Pratte,* 160 AD2d 290.)

We reject plaintiff's conclusory claim, without citation to the record, that the award of counsel fees was inadequate. The same may be said of plaintiff's argument that the court should not have charged all of the marital debt to her. Defendant previously made payments in an amount equalling approximately one-half of the indebtedness, which would have offset

any amount due from him had the marital debt been apportioned equally between the parties.

We find no basis for disturbing that part of the judgment dividing equally between the parties plaintiff's claim for non-elective, non-reimbursed medical expenses, pursuant to the court's *pendente lite* award. Although referred to in the court's decision, the record is not entirely clear as to the extent of defendant's prospective liability for plaintiff's unreimbursed, non-elective medical expenses. In any event, we find that defendant should be liable for such expenses, but that such liability should be capped at the sum of $3,000 per year. The judgment is therefore modified to that extent. Concur—Carro, J. P., Milonas, Ellerin and Rubin, JJ. *[See, —* AD2d — (Aug. 1, 1991).]