■ LINDA R. BAKER, Appellant-Respondent, v MARK E. BAKER, Respondent-Appellant. [659 NYS2d 123] —Crew III, J. Cross appeals from a judgment of the Supreme Court (Williams, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered February 14, 1996 in Saratoga County, upon a decision of the court.

The parties were married in 1971 and have three children, all of whom are emancipated. In 1977, plaintiff became seriously ill while pregnant with the parties' youngest child and was hospitalized for approximately one year. As a result of her illness, plaintiff had shunts installed in her brain and suffers from certain residual effects, including memory loss and headaches. Although plaintiff was employed as a registered nurse prior to her illness, her primary activities following her recovery were caring for the parties' children and participating in community activities.

The parties separated in July 1994, and plaintiff thereafter commenced this action for divorce seeking, *inter alia*, equitable distribution of the parties' marital property and maintenance. Prior to trial, the parties entered into a stipulation of settlement, pursuant to the terms of which plaintiff was awarded, *inter alia*, one half of the net proceeds from the sale of the marital residence (subject to certain adjustments), one half of the parties' savings account, a certain piece of real property and a portion of defendant's pension.

The matter proceeded to trial in October 1995, at which time the contested issues consisted of plaintiff's request for, *inter alia*, an award of maintenance and counsel fees. Supreme Court thereafter granted the parties a judgment of divorce and, insofar as is relevant to this appeal, awarded plaintiff $1,000 per month in maintenance until her remarriage, the death of either party or until such time as plaintiff and defendant began receiving their respective shares of defendant's pension. Plaintiff's request for additional counsel fees was denied.* These appeals by the parties ensued.

Turning first to the propriety of the maintenance award, although we are satisfied that Supreme Court indeed gave appropriate consideration to the relevant statutory factors (*see*, Domestic Relations Law § 236 [B] [6] [a]) and, further, exercised its discretion in fashioning the award (*see*, *Strang v Strang*, 222 AD2d 975, 978), we nevertheless are of the view that the maintenance awarded is inadequate. Here, the parties were married

---

* Plaintiff had applied for pendente lite relief in this regard and, by order entered January 17, 1995, Supreme Court (Mycek, J.) directed that defendant contribute $3,000 toward plaintiff's counsel fees.

for almost 23 years prior to the commencement of this action, during which time plaintiff, whose illness and lingering afteref- fects precluded her from resuming her career as a registered nurse, remained at home caring for the parties' children. At the time of trial, plaintiff was receiving approximately $13,000 per year in Social Security benefits, while defendant was earn- ing $64,500. With respect to future earning potential, Supreme Court found that plaintiff was permanently and totally dis- abled, and the record certainly demonstrates that plaintiff's health, together with the amount of time that she has been out of the workforce, makes it highly unlikely that she possesses the ability to become self-supporting (*compare, Campinell v Campinell*, 220 AD2d 940 [the plaintiff deemed unemployable due to mental disorder that precluded her from working in a competitive setting], *with Pejo v Pejo*, 213 AD2d 918, *lv denied* 85 NY2d 811 [only impediment to the plaintiff's employment as a registered nurse was her failure to actively seek retrain- ing and employment]). Thus, after giving due consideration to the relevant statutory factors (*see,* Domestic Relations Law § 236 [B] [6] [a]) including, *inter alia*, plaintiff's health, the length of the marriage and the parties' existing resources and future prospects (*see, Glazer v Glazer*, 190 AD2d 951, 953), we find that a more substantial award of maintenance is war- ranted (*see generally, Grenier v Grenier*, 210 AD2d 557, 558) and, further, that the record is sufficiently developed that remittal for this purpose is not required.

As to the specific amount of the award, upon reviewing the parties' respective statements of net worth and testimony regarding the ensuing changes thereto, we find that an award of $1,350 per month would be appropriate. Plaintiff's remain- ing contentions, including her assertion that Supreme Court erred in failing to award her additional counsel fees, have been examined and found to be lacking in merit.

Turning to defendant's cross appeal, having concluded that plaintiff is entitled to an additional $350 per month in mainte- nance, it necessarily follows that we find no merit to defen- dant's claim that the amount initially awarded by Supreme Court was excessive. Nor are we persuaded, given the facts of this case, that an award of permanent maintenance, termin- able upon plaintiff's remarriage, either party's death or the parties' receipt of their respective shares of defendant's pen- sion, is inappropriate. Notwithstanding plaintiff's community activities during the course of the marriage and her subsequent attempts to market her hand-made quilts, the record supports a finding that her physical condition precludes retraining and

employment (*see, Goldfarb v Goldfarb*, 173 AD2d 355, 356). Defendant's remaining contentions, including his assertion that plaintiff was not entitled to a bill of costs, are either not properly before this Court or lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is modified, on the facts, without costs, by reversing so much thereof as determined the amount of plaintiff's maintenance; plaintiff is awarded maintenance in the amount of $1,350 per month until her remarriage, either party's death or the parties' receipt of their respective shares of defendant's pension; and, as so modified, affirmed.