■ In the Matter of WILLIAM A. DALESSANDRO, Appellant, v ALICE T. O'BRIEN, Respondent. [669 NYS2d 372] —In a custody proceeding pursuant to Family Court Act article 6, the father appeals from (1) stated portions of an order of the Family Court, Nassau County (Koenig, J.), dated December 5, 1996, (2) an order of the same court, dated December 20, 1996, (3), as limited by his brief, from so much of an order of the same court, dated February 11, 1997, as awarded the mother additional counsel fees in the sum of $8,750, (4) a judgment of the same court, dated March 11, 1997, in favor of the mother and against him in the sum of $9,975, (5) an order of the same court, dated May 20, 1997, and (6) an amended order of the same court, dated June 6, 1997.

Ordered that the appeals from the orders dated December 5, 1996, December 20, 1996, May 20, 1997, and June 6, 1997, are dismissed without costs or disbursements, as no appeal lies as of right from these orders and leave has not been granted; and it is further,

Ordered that the notice of appeal from the order dated February 11, 1997, is deemed to be an application for leave to appeal from that order and leave to appeal from that order is granted; and it is further,

Ordered that the order dated February 11, 1997, is modified by deleting the provision thereof awarding the mother counsel fees in the sum of $8,750 and substituting therefor a provision awarding the mother counsel fees in the sum of $6,000; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the judgment dated March 11, 1997, is affirmed, without costs or disbursements.

The mother is entitled to an award of counsel fees for efforts reasonably expended in defending against the appellant father's petition for custody of the children, and in attempting to obtain an order of support (*see,* Domestic Relations Law § 237 [b]; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879; *Matter of Rahmey v Blum,* 95 AD2d 294). However, counsel fees should not be awarded for time expended by the attorney in order to obtain an award of counsel fees, since such fees are not authorized by Domestic Relations Law § 237 (b) (*see, Rocchio v Centrum Constr. Corp.,* 201 AD2d 568; *Schussler v Schussler,* 123 AD2d 618). Nor is the mother entitled to an award of counsel

fees calculated at her attorney's full rate for time expended merely in dropping papers off at the courthouse (*see, Matter of Rahmey v Blum, supra*). Therefore, so much of the award of counsel fees as represented a fee for work performed in order to obtain an award of counsel fees has been deleted, and so much of the award as represented counsel fees for dropping off papers has been eliminated.

We have examined the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Pizzuto, Joy and Altman, JJ., concur.