■ LORI SWIFT, Respondent, v CRAIG SWIFT, Appellant. [688 NYS2d 223] —In a matrimonial action in which the parties were divorced by a judgment dated March 15, 1995, the defendant former husband appeals from (1) an order of the Supreme Court, Nassau County (O'Brien, J.), entered September 10, 1997, which granted the plaintiff former wife's application for counsel fees and disbursements in the sum of $37,550.69, and (2) a judgment of the same court, dated September 11, 1997, which was in favor of the plaintiff and against him in the principal sum of $37,550.69.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by reducing the amount of counsel fees and disbursements awarded to the plaintiff from $37,550.69 to $36,530.69; as so modified, the judgment is affirmed, without costs or disbursements, and the order is modified accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Ordinarily, counsel fees should not be awarded for time expended by an attorney in order to obtain an award of counsel fees pursuant to Domestic Relations Law § 237 (c) (*cf., O'Shea v O'Shea,* 249 AD2d 524; *Matter of Dalessandro v O'Brien,* 248 AD2d 468; *Harkavy v Harkavy,* 167 AD2d 510; *Schussler v Schussler,* 123 AD2d 618). We do not agree with the plaintiff's contention that the parties' stipulation dated June 2, 1997, which provided that the plaintiff was entitled to counsel fees "for all services rendered since August 1, 1996", constituted an agreement that she was entitled to counsel fees for amounts expended subsequent to June 2, 1997, in connection with the preparation of her request for attorney's fees. As the plaintiff does not dispute the defendant's contention on appeal that $1,020 of the counsel fee award was expended in connection with her attorney's fee application, we have reduced the judgment accordingly.

Contrary to the defendant's remaining contention, the counsel fee award was reasonable under the circumstances (*see generally, Matter of Potts,* 213 App Div 59, 62, *affd* 241 NY

593; *Matter of Freeman,* 34 NY2d 1; *Willis v Willis,* 149 AD2d 584). O'Brien, J. P., Joy, Krausman and Goldstein, JJ., concur.