BENJAMIN F. FOSTER, Respondent, *v.* WM. A. WHITE & SONS, Appellant.

First Department, May 3, 1935.

*Alexander Pfeiffer* of counsel [*Morris G. Duchin* with him on the brief; *Pfeiffer & Crames*, attorneys], for the appellant.

*A. S. Cutler* of counsel [*Harry Bijur* with him on the brief; *A. S. Cutler*, attorney], for the respondent.

UNTERMYER, J. In May, 1928, the plaintiff instituted an action against the defendant in which he alleged that in April, 1927, the parties had entered into a contract whereby the plaintiff had agreed to introduce the defendant to the A. DePinna Co., Inc., and otherwise assist in procuring the employment of the defendant as broker in securing a mortgage loan for that corporation, and

the defendant had agreed to pay to the plaintiff one-half of any commissions received by the defendant in the transaction. The plaintiff further alleged that the loan was secured through the defendant as broker, in consequence of which it had received the sum of $43,000 as commissions, but had failed to pay to the plaintiff a one-half share thereof.

The defendant's answer to that complaint, in addition to denials, contained a separate defense to the effect that while the defendant was negotiating for the loan one Roy Foster, a brother of plaintiff, was the treasurer of the A. DePinna Co., Inc., and represented it in relation to the loan; that in the course of the negotiations it was, in substance, agreed among all the parties concerned that if the defendant would reduce the costs, expenses and commissions otherwise payable by the A. DePinna Co., Inc., the plaintiff would look solely to his brother for any compensation and would waive all claims against the defendant therefor. These facts, it was contended, constituted such a waiver and estoppel as to preclude the plaintiff from asserting any claim against the defendant.

That action was tried in May, 1931, by the court without a jury. By stipulation, findings of fact and conclusions of law were waived. The evidence given on the trial, however, which is included as an exhibit among the papers on this appeal, discloses with precision the issues which were litigated in that action and, even though not part of the judgment roll, must be considered in determining the scope and the effect of the judgment. (*Carleton* v. *Lombard, Ayres & Co.*, 149 N. Y. 137, 152; *Bell* v. *Merrifield*, 109 id. 202, 211; *Ward* v. *Boyce*, 152 id. 191, 201; 2 Freeman Judgments [5th ed.], § 765.) Thus examining the record of the former trial, we find that two issues, and two only, were litigated. The first concerned the agreement between the parties, the terms of which were controverted by the defendant under the denials in its answer. The second related to the alleged waiver and estoppel asserted by its affirmative defense.

On the first of these issues both parties testified to an express contract concerning the plaintiff's compensation. The plaintiff testified that he was to receive one-half of any amount which the defendant received in commissions. The defendant offered testimony to the effect that the plaintiff was to receive one-half of the defendant's commission if not less than the usual one per cent, but that he would not be entitled to any share in the commission if less than full commissions were received. Since it was conceded that full commissions were not received, but only $17,944.23, the plaintiff was not entitled to recover if the defendant's version of the agreement was correct.

On the second issue which was litigated under the affirmative defense, the defendant offered proof that it had agreed with the A. DePinna Co., Inc., to a reduction in the amount of compensation otherwise payable in reliance on the plaintiff's undertaking to relinquish entirely his interest therein. The plaintiff testified that no such arrangement had been made and consequently that under the terms of the contract as testified by him he was entitled to one-half of the compensation eventually received by the defendant, however much it might have been reduced.

At the conclusion of the trial the court directed a verdict in favor of the defendant and judgment upon the merits was entered accordingly.

Notwithstanding that final judgment, the plaintiff soon thereafter commenced this action to recover the sum of $7,500 alleged to be the reasonable value of the same services for which he had attempted unsuccessfully to recover upon an express contract in the prior suit. The defendant's answer, besides various denials of allegations of the complaint, contains four affirmative defenses, only two of which, the third and the fourth, need be considered in the disposition of this appeal. The third defense alleges substantially the same facts constituting a waiver and estoppel as were alleged in the affirmative defense in the earlier action. The fourth defense alleges that there was an express contract between the parties under which the plaintiff was entitled to one-half of any commissions received by the defendant in procuring the loan, but only in the event that full commissions were received. It is alleged that full commissions were not received and that accordingly the plaintiff is not entitled to share therein.

Upon the pleadings and the evidence in the earlier action, the defendant made a motion for summary judgment dismissing the complaint, contending that the facts alleged in its third and fourth affirmative defenses were determined in its favor by the judgment in the previous litigation between the parties. That motion was denied.

It is evident that if, as alleged in the third defense, the defendant consented to a reduction in the amount of its compensation in consideration of the plaintiff's agreement to relinquish all interest therein, the plaintiff cannot maintain this action no matter what the terms of the original contract of the parties might have been. It is equally evident that if, as alleged by the defendant in its fourth defense, there was an express contract to the effect that the plaintiff would not share in the defendant's compensation unless full commissions were paid, then he cannot recover for his services on any theory of *quantum meruit* if that condition of the contract

was not satisfied. (*Young* v. *Farwell*, 165 N. Y. 341, 345; *Exeter Machine Works* v. *Wonham-Magor Engineering Works*, 134 App. Div. 386, 388.)

The question now is whether either of these issues was determined in the defendant's favor in the prior action, because if so then the judgment entered in that action constitutes the adjudication of an issue which is decisive of the present litigation. (*Hollenbeck* v. *Ætna Casualty & Surety Co.*, 215 App. Div. 609, and cases cited.) In other words, if the court in the earlier action found in the defendant's favor on the question of waiver and estoppel or concerning the terms of the contract under which the plaintiff's services were rendered, then the issue thus decided can never be relitigated between these parties, and this action must fail.

We find no escape from the conclusion that at least one or the other of these two issues was directly decided in favor of the defendant in the previous action. Upon no other possible theory could the court have dismissed the complaint. In doing so, the court must have found either that the terms of the contract between the parties did not entitle the plaintiff to share in the defendant's compensation unless full commissions of one per cent were paid, or that the contract entitled him to one-half of the commission regardless of amount, but that the plaintiff thereafter had agreed to forego that right if the defendant would reduce the amount of its commission. There is, of course, the further possibility, which it is not necessary to consider here, that the court in the previous action decided both these issues in the defendant's favor. The court could not, however, have decided both issues in favor of the plaintiff and yet have granted judgment dismissing the complaint. Nor could the court merely have held that an express contract was not sufficiently established, leaving a cause of action on *quantum meruit* still available, because both parties conceded the existence of an express contract and only differed in their version of its terms. No matter which party the trial court believed, it must have found the existence of an express contract destructive of any cause of action to pay the reasonable value of the plaintiff's services. (*Ætna National Bank* v. *Fourth National Bank*, 46 N. Y. 82, 86; *Miller* v. *Schloss*, 218 id. 400, 406; 2 Clark New York Law of Contracts, § 1032.) Consequently, the defendant must have succeeded upon the ground that under the terms of the express contract the plaintiff was not entitled to share in the commission because full commissions were not paid, or upon the ground that he had waived whatever right to compensation he might have had.

Nor is the question of *res adjudicata* affected by mere differences of form between the one action and the other. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304.)

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., MERRELL, TOWNLEY and GLENNON, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted.