JACOB McCHESNEY, Appellant, *v.* WILLIAM R. TAYLOR and DOROTHY TAYLOR, Respondents, Impleaded with FOSTER DECKER, Sheriff of Albany County, and ALBERT ROCK, Defendants.

Third Department, March 4, 1942.

*Hun, Parker & Reilly* [*Michael D. Reilly* of counsel], for the appellant.

*David Rosenfeld*, for the respondents.

HILL, P. J. Plaintiff appeals from an order denying his motion for a temporary injunction and granting the cross-motion of defendants to dismiss his complaint, and from a judgment entered thereon. The action is brought to restrain respondents and the defendant, the sheriff of Albany county, from interfering with the fence and monuments and from trespassing upon lands described in the complaint.

This is the aftermath of an earlier action brought by defendants-respondents against plaintiff-appellant wherein the former were successful in the trial court and in this court (233 App. Div. 782 — 3d case). Motions for leave to appeal to the Court of Appeals were denied by this court (233 App. Div. 881 — 3d case) and by the Court of Appeals (Oct. 13, 1931, unreported). No execution was

issued to carry the judgment into effect until after five years had elapsed. In August, 1940, the defendants-respondents in this action moved for leave to issue one to remove obstructions which it was asserted plaintiff-appellant had erected upon their lands, and for delivery of possession of the real property awarded to them by the earlier judgment. The motion was granted and the order affirmed by this court (261 App. Div. 1117—1st case). This action was then brought.

Appellant contends that the earlier judgment is not *res judicata* and is meaningless; that it does not describe the property awarded to the respondents, and that the verdict of the jury was not in writing. (Rules Civ. Prac. rule 241.) The record contains no indication that the verdict was in writing, but no objection was taken thereto on that account. Counsel for the unsuccessful party, the plaintiff in this action, moved to set aside the verdict on all the grounds specified in section 549 of the Civil Practice Act, but not otherwise. This defect cannot now be raised collaterally in another action after the judgment has been affirmed by this court and an appeal refused by the Court of Appeals.

Plaintiff-appellant may maintain this action unless it appears that the location of the boundary lines was determined in the earlier action. The judgment therein states, " that the plaintiffs, William R. Taylor and Dorothy E. Taylor, his wife, are and at and before the commencement of this action· were, the owners in fee simple of the lands and premises described in the complaint and that they are entitled to judgment herein and that they recover possession thereon from the said defendant Jacob McChesney, together with * * * costs of this action, and that they have execution therefor." The complaint in this action describes defendants-respondents' (Taylors') land as a quadrilaterally-shaped parcel containing nine-tenths of an acre on the northerly side of the Great Western turnpike in the town of Guilderland, county of Albany. The boundary courses indicate that it varies only slightly from a rectangle, the southerly bound, the one on the turnpike, is two chains, twenty-three links in length, the northerly two chains, fifteen links, the westerly four chains, thirty-three links, and the easterly, which is adjacent to the premises of plaintiff-appellant (McChesney), four chains, three and a half links in length. The starting point of the description is stated in the complaint in the former suit, and by reference incorporated in the judgment in that suit, as " a point at or near the center of the Great Western Turnpike, being the southwest corner of a lot conveyed by Shubel Kelly and wife to Jenney McChesney." (She was plaintiff-appellant's grantor.) This corner may be located from the McChesney deed which is set out in the complaint in

this action and was an exhibit in the earlier action. It is two chains, forty links along a stated course " through the said turnpike " from " a point at or near the center of the Great Western Turnpike which point bears south thirty-three degrees, thirty minutes west one chain, thirty-two links and a half, from the southwest corner of the school house." The easterly boundary in the deed to McChesney is stated therein to run " along the school house lot north thirty-three degrees fifteen minutes east three chains seventy-two links to a stake, a corner of the lands now or formerly of Shubel Kelly." The northerly boundary is westerly therefrom on a stated course two chains and thirty-four links " to a stake at the north-easterly corner of a lot belonging to Rebecca Smith." The Rebecca Smith property now belongs to the Taylors, defendants-respondents in the instant action. There is evidence in the earlier action that the stake at the Smith corner is now a marble monument. The westerly boundary of the McChesney property is identical as to course and length with the easterly boundary of the Taylor land as set out in the complaint in the earlier action. It is the location of this latter boundary that is in dispute and this action is brought to restrain the Taylors, defendants-respondents, and the sheriff of the county from locating the line and placing respondents in possession by the removal of structures placed thereon by plaintiff-appellant.

The complaint in an action to recover real property must describe it with reasonable certainty so that from the description the property claimed may be delivered. (Rules Civ. Prac. rule 240.) In *Leprell* v. *Kleinschmidt* (112 N. Y. 364), an ejectment action, the complaint describing plaintiff's property by metes and bounds, alleging the encroachment by defendant, was held to be sufficient. In determining whether the present action seeks to relitigate an issue determined in the earlier action, we may have recourse to the evidence and exhibits in the former action to determine the issues there litigated. (*Foster* v. *White & Sons*, 244 App. Div. 368; affd., 270 N. Y. 572.) From such an examination it seems to be clear that this appellant seeks to litigate anew the issues determined in the earlier action. The line determined in the earlier action may be located as the course is given with the northerly end a marble monument and the southerly a given distance and course from the southwest corner of the school house.

The order denying plaintiff's motion for a temporary injunction should be affirmed, and said order granting defendants' cross-motion to dismiss plaintiff's complaint, and the judgment entered thereon, should be affirmed, with costs and disbursements.

CRAPSER, BLISS, HEFFERNAN and SCHENCK, JJ., concur.

Order affirmed, with costs and disbursements.