█ IRVING JONTOW, Plaintiff, v. DAVID L. JONTOW et al., Individually and as Copartners Doing Business under the Name of Standard Coat & Suit Co., Defendants. SIMON PRESANT, Appellant; LAURENCE ROSENBERG et al., Respondents.— Order entered September 17, 1969, herein appealed from, unanimously modified on the law and the facts to the extent of awarding to Laurence M. Rosenberg and/or the firm of Rosenberg & Rosenberg the sum of $6,333.34 as their compensation for their services rendered to the plaintiff, and awarding to Simon Presant, Esq., the sum of $6,333.33 for services rendered to the plaintiff. As so modified, the order appealed from is otherwise affirmed, without costs and without disbursements to either party. The plaintiff retained the appellant Simon Presant, Esq., to represent him in a negligence action. After investigating the facts, appellant advised that an action be brought. Since he was engaged in general practice of law he recommended that the respondent firm be retained as trial counsel. The plaintiff agreed and the appellant engaged the respondent firm as trial counsel. Appellant and respondent thereupon executed a written retainer agreement which provided that the Rosenberg firm was to receive one half of appellant's fee. After the case was on the Trial Calendar, the plaintiff discharged the appellant and the question of his lien was left for the determination of the Trial Court. The trial resulted in a jury verdict of $118,000 which was not appealed. The trial court properly held that the sum of $38,000 was to be the total attorney's fees. From this amount he directed, on a *quantum meruit* basis, that $25,333.33 be awarded to the incoming attorney and $12,666.67 to the substituted attorney. There is no dispute as to these amounts. The court then directed that of the $12,666.67, two thirds or $8,444.45 be awarded to the respondent Rosenberg firm, and one third or $4,222.22 to the appellant Simon Presant, Esq. In view of the fact that there was a written agreement between the appellant and the respondent to divide their fee equally, and the fact that the appellant did perform services for the plaintiff, it was error for the trial court to set the fees in question on

a *quantum meruit* basis. Where there is an express contract for compensation an action will not lie for *quantum meruit* (*Foster* v. *White & Sons,* 244 App. Div. 368, 371). And this principle is applicable to the awarding of attorney's fees (*Murray* v. *Waring Hat Mfg. Co.,* 142 App. Div. 514, 517). Nor is an agreement between attorneys to divide a fee prohibited by the Canons of Ethics where both contributed toward the earning of the fee (*Sterling* v. *Miller,* 2 A D 2d 900, affd. 3 N Y 2d 778; 7 N. Y. Jur., Champerty and Maintenance, § 12; 3 N. Y. Jur., Attorney and Client, § 89). The order appealed from is modified accordingly. Concur — Stevens, P. J., Eager, Nunez, Steuer and Tilzer, JJ.