OPINION OF THE COURT
C. Raymond Radican, J.
By decision dated January 25, 1982 the court approved the compromise proceeding herein and acknowledged that a dispute had arisen between the attorney of record, John J. Tullman, and trial counsel, William F. O’Connor, with the court directing that their share of the legal fees be held in escrow by Edward J. Hart, Esq., pending settlement of the dispute by Messrs. Tullman and O’Connor.
It now appears that the dispute between the attorneys cannot be settled amicably and a motion has been made by Mr. O’Connor for the court to approve the distribution of his fee and Mr. Tullman’s fee in equal shares according to their verbal agreement. As an exhibit, Mr. O’Connor submitted a copy of a letter dated October 23, 1981 from Mr. Tullman to Mr. Hart in which Mr. Tullman acknowledged that he had agreed to pay one half of the net fees from the wrongful death compromise proceeding in this estate to Mr. O’Connor for his services. Mr. Tullman, however, alleges that in letter and in his affidavits in opposition to the motion by Mr. O’Connor that he has claims against Mr. O’Connor for moneys advanced to him in matters unrelated to this estate. In reply Mr. O’Connor states that any *338 dispute between Mr. Tullman and himself is outside the jurisdiction of this court and that the court should, as a matter of law, recognize the agreement to divide fees as acknowledged in Mr. Tullman’s letter. Mr. O’Connor relies upon Jontow v Jontow (34 AD2d 744), which basically holds that agreements between attorneys, whether written or oral, to divide fees for legal services performed by them are usually binding and not subject to review by a court in order to award fees based upon quantum meruit. In this case there is no dispute that it was agreed the net fees should be divided equally. Mr. Tullman alleges that he has claims against the net fees earned by Mr. O’Connor arising out of other cases which Mr. O’Connor disputes. While this court has jurisdiction to fix expenses, including attorneys’ fees, in wrongful death compromises (EPTL 5-4.4) which would give it authority to determine the division of this fee between the attorneys, it does not have jurisdiction of a complete accounting between the attorneys as to other matters which would involve a dispute between living parties, a subject which is not within the jurisdiction of this court (Matter of Lainez, 79 AD2d 78).
The dispute between the attorneys has delayed the final disposition of this matter for almost a year. No good purpose will be served by the court continuing the escrow arrangement directed by the court in its decision of January 25, 1982. Accordingly, the court grants the motion and directs that the balance of the legal fees in the amount of $102,434.79, which have been held in escrow by Mr. Hart, plus any interest thereon, be paid in equal shares to John J. Tullman, Esq., and William F. O’Connor, Esq., unless by June 22,1982 Mr. Tullman obtains an order of a competent court of jurisdiction restraining such payment.