OPINION OF THE COURT
Joseph Colby, J.
Plaintiff’s former counsel moves this court for an order granting him counsel fees in the sum of $12,350 payable to the movant by the defendant for services rendered for the appeal of counsel fees awarded by the trial court.
Plaintiff’s former counsel represented the plaintiff Sharon Wood in the above-entitled matrimonial action. During the course of the litigation, plaintiff’s former counsel received in excess of $160,000 for his services rendered in connection therewith.
Plaintiff’s former counsel chose to appeal two of the counsel *958 fee awards. Specifically, he appealed the award from Justice Mclnerney of $50,000 for plaintiffs former counsel’s services on the liability portion of the matrimonial proceedings and the $30,000 award from Justice Gerard for his services on the equitable distribution trial.
Mrs. Wood retained the services of another attorney to represent her on the appeal of Justice Gerard’s decision with respect to the equitable distribution award. However, the $30,000 in legal fees awarded by Justice Gerard was not an issue being raised on appeal by plaintiffs counsel on the appeal on behalf of Mrs. Wood. Plaintiffs counsel on the appeal sought attorney’s fees for her representation of Mrs. Wood on the appeal against Dr. Wood. A hearing was held in this regard, and pursuant to Domestic Relations Law § 237, an award of counsel fees was made in favor of Sharon Wood against Rodney Wood.
Plaintiffs former counsel elected to pursue the award of counsel fees on his own behalf. He was not representing Mrs. Wood, and in essence was representing himself.
The aforementioned appeals brought by plaintiffs former counsel were consolidated. The Appellate Division did not disturb either award of counsel fees. Plaintiffs former counsel did not apply for counsel fees for this appeal to this court prior to taking said appeal. In any event, there is no statutory authority for the relief requested herein.
The Domestic Relations Law provides for attorney’s fees for the prosecution or the defense of a matrimonial proceeding and for the enforcement of any relief in connection therewith (see, Domestic Relations Law §§ 237, 238, 239).
Furthermore, Domestic Relations Law § 237 (a) specifically requires that, when doing so, the court must direct the payment of counsel fees in the final judgment in such action or proceeding or by order(s) prior to final judgment or by both order(s) and the final judgment.
Subdivision (b) of this section provides that upon an application to modify an order or judgment for alimony, maintenance, custody or visitation, a direction for counsel fees may be made in the order or judgment by which the particular application or proceeding is finally determined, by order(s) prior to final order or judgment or both.
Subdivision (c) provides for an award of counsel fees in connection with the payment of money.
*959 Domestic Relations Law § 238 provides for an award of counsel fees in connection with enforcement proceedings.
While the statutes recognize the possibility of a prospective appeal from a final judgment and a party’s need for counsel fees for the prosecution or defense of said appeal, there is no provision in the law for the cost of instituting and .proceeding on the appeal, "a fee on a fee” as plaintiff’s former counsel refers to his application.
In the recent New York County case relied upon by plaintiff’s former counsel (Page v Cheung On Mansion, NYLJ, Dec. 12, 1988, at 22, col 6), plaintiffs applied for counsel fees. After a finding of civil contempt, a hearing was conducted on counsel fees. The plaintiffs argued that in addition to a counsel fee for the contempt proceeding, they were also entitled to an award of fees for the expense of the proceeding itself, to wit: a "fee-upon-a-fee.” (Supra, at 23, col 1.)
Plaintiffs cited their counsel fees as costs and expenses and sought reimbursement therefore.
Justice Wright, relying on Rechberger v Rechberger (139 AD2d 906, 907) and State of New York v Unique Ideas (44 NY2d 345), held that " 'Just compensation or indemnity’ constituid the true purpose of the penalty for a civil contempt. (State of New York v Unique Ideas, Inc., 44 N. Y. 2d 345, 350.) Under this definition, counsel fees incurred in prosecuting successfully the charge of contempt, become a natural consequence. While the fine imposed may not exceed $250.00, there remains the matter of 'costs and expenses’ (Rosenblitt v. Rosenblitt, 121 App. Div. 2d 375), and among those expenses there must be included attorney’s fees.” (Supra, at 23, col 1.)
The application at bar is distinguishable from Page (supra), in that this is a matrimonial matter. Page involved a civil contempt proceeding. Justice Wright found his authority in the Judiciary Law, specifically section 773, for the imposition of a fee on a fee after a hearing held for the purpose of setting the amount of counsel fees.
In the instant matter, plaintiff’s former counsel, relying on Domestic Relations Law § 237, is seeking reimbursements against Dr. Wood for attorney’s fees incurred in prosecuting his own appeal with respect to the adequacy of attorney’s fee awards.
The underlying facts of the Page case (supra) and those underlying the instant application cannot be reconciled. In the Page case, the Judge relied on statutory authority when *960 making an award of a fee on a fee. We are lacking such authority.
The remainder of the cases cited by plaintiff’s former counsel do not stand for the proposition he espouses. In fact, the court is not familiar with any case wherein an attorney chose to appeal an award of counsel fees on his own behalf, when his former client chose not to raise said issue on appeal, and thereafter sought attorney’s fees for such appeal against the other party.
In fact, the Appellate Division specifically held that an award of counsel fees for moneys expended in seeking an award of counsel fees is not authorized by the Domestic Relations Law (Schussler v Schussler, 123 AD2d 618, lv denied 69 NY2d 612).
Plaintiff’s former counsel was not successful in his appeal. He was acting on his own behalf, not on behalf of his former client, who, incidentally, was sued by plaintiff’s former counsel for unpaid counsel fees. It being noted that under the retainer agreement between plaintiff and counsel, plaintiff agreed to pay all counsel fees, with any award of same being treated as a credit or offset against the fees incurred.
As already noted, plaintiff’s counsel on the appeal was awarded counsel fees for her representation of Mrs. Wood on her appeal.
Dr. Wood shall not be made accountable for fees that were incurred by plaintiff’s former counsel when plaintiff’s former counsel took it upon himself, voluntarily, to pursue an appeal on the adequacy of counsel fees awarded by the trial court.
This would be most unjust in view of the lack of authority for making such award.