OPINION OF THE COURT
Arthur W. Lonschein, J.
The outgoing attorneys (attorneys) have been granted leave to withdraw from representation of the defendants and now seek to have their fees fixed by the court. The court conducted a hearing in which I heard testimony and considered exhibits relative to the issue.
The attorneys were retained to defend an accounting malpractice action brought against their former clients. The retainer agreement of July 1987 contemplated a $5,000 payment against future billing, billing of the various attorneys in the firm at their usual hourly rates as adjusted each year (without definite specifications of their usual hourly rates) and an estimate of the entire cost of services including a trial, to be between $50,000 and $75,000. This agreement was never reduced to writing, contrary to the recommendations of EC 2-19 of the Code of Professional Responsibility. The lawsuit against the accountants began as a third-party action by a defendant who retained them to perform accounting services. The main action against that defendant third-party plaintiff was settled for the sum of $100,000 leaving this third-party action to continue.
After being retained, the attorneys performed certain services which were billed out at various amounts depending upon which of the partners and associates had performed the services and when they were performed. The fees ranged up to $265 per hour. There was no distinction in fees with respect to the nature of the services, i.e., conferences, telephone calls, drawing court papers, appearing in court, and dictating letters and other documents all were charged at the same rates. Each bill contained the legend "All sums not paid within 30 days shall be subject to a late fee of 1.5% per month.” The attorneys claim the total value of the services that they performed and billed out for amounted to approximately $16,000, of which $8,568.75 is left unpaid. They have requested the court to fix the fees in that amount and to have judgment against the defendants therefor. Most, if not all, of that latter amount represents services performed in connection with two motions made to withdraw as counsel.
The attorneys argue that having made an agreement with *642 their client, and having proven that the services for which they were retained were performed at the rates agreed upon, this court has no choice but to fix fees in the amounts billed. The attorneys further argue that if there is an agreement between the parties expressly fixing fees for compensation, quantum meruit is inapplicable as the criteria for awarding fees, citing Jontow v Jontow (34 AD2d 744), and that on the authority of that case they should be paid according to the letter of the agreement with their client. That case, however, is inapposite. In the first instance, that case contemplates a written retainer agreement; there is none here. But more importantly, the Jontow case relates to a fee division contract between lawyers, not a retainer agreement as herein, between lawyer and client to perform services in defense of a lawsuit.
The defendants, on the other hand, argue that the court has the authority to review the entire fee arrangement between lawyers and clients and, based on the quality and amount of legal work performed, that the court should order return of part of the fees already paid.
At the outset, it should be recognized that fee arrangements between lawyer and client "are of special interest and concern to the courts. They are not always enforcible in the same manner as ordinary commercial contracts.” (Matter of Schanzer, 7 AD2d 275, 278.) In this regard, the profession of law is not a business. It imposes on its members, inter alia, a code imposing standards beyond those that are tolerated in the marketplace. (Matter of Freeman, 34 NY2d 1.)
Recognition should also be given to the "traditional authority of the courts to supervise the charging of fees for legal services under the courts’ inherent and statutory power to regulate the practice of law” (Matter of First Natl. Bank v Brower, 42 NY2d 471, 474). In assessing legal fees there are certain factors to be considered such as the time and labor required, the difficulty of the questions presented, the skill required to perform the services including the lawyer’s experience, ability and reputation, the amount involved and benefit resulting to the client from the services. (Matter of Freeman, supra.) Moreover, "[cjourts exercise control over fee arrangements between attorneys and their clients as a matter of public policy, and the attorney has the burden of proving that the contract is fair, reasonable and fully known and understood by the client” (Matter of Jackson, 120 AD2d 309, 315).
With the above principles in mind, I will examine the *643 extent of the services rendered and the amounts charged for the services, and I will determine whether the fees charged were reasonable under the circumstances.
The total amounts charged by the billing amounted to more than $16,000. Of this amount, approximately $8,600 was actually received and credited by the attorneys. An examination of the court file and the papers received in evidence shows the sum total of the litigation papers drawn by the attorneys to be:
(a) an answer consisting of 4 pages of certain admissions and denials in 3 paragraphs, and 8 affirmative defenses in 14 paragraphs;
(b) a Blumberg form notice to take the deposition of an adverse party;
(c) a one-paragraph, seven-line response to a demand for discovery and inspection stating that the defendants did not have malpractice insurance;
(d) a set of interrogatories consisting of a page and a half (typewritten double-spaced), containing four items; and
(e) a demand in five paragraphs for discovery and inspection of certain checks, documents and letters. It also appears from the testimony and exhibits that an examination before trial (EBT) was conducted in the attorneys’ office consisting of 90 double-spaced typewritten pages. There is no documentation submitted to me as to the length of time taken, but I would estimate the EBT should have taken three hours.
Two motions were made for leave to withdraw: the first one for noncooperation and slow paying of bills by the clients and the second because it was discovered by the attorneys that a potential conflict existed between the defendants after they decided to dissolve their partnership. The approximate total amount of billing and additional amounts claimed in connection with the making of each motion to withdraw was over $9,000, more than $3,500 for the first motion and more than $6,000 for the second motion. Before examining the extent and quality of the services and the benefits of the same to the clients, I find and decide that the two motions to withdraw were not made for the benefit of the clients and accordingly, no fee should be allowed for the same. These applications were made for the benefit of the attorneys, so that they would be relieved of their responsibility to remain in the action as well as to have their fees fixed and have judgment entered thereon. The attorneys argue that they are *644 entitled to fees for their efforts in preparing and litigating their fee application, citing Matter of Fresh Meadows Med. Assocs. (Liberty Mut. Ins. Co.) (49 NY2d 93). That case is inapplicable. Therein the claimant was awarded additional counsel fees for efforts made to collect a fee to which he was entitled by statute. This is not the case here. There are no fees to which the attorneys are entitled to by rule or statute and this part of their claim must fall. (Hempstead Gen. Hosp. v Allstate Ins. Co., 64 NY2d 958; Schussler v Schussler, 123 AD2d 618; Wood v Wood, 143 Misc 2d 957.)
In examining the time sheets and billing of the attorneys, it would appear that other than the services heretofore mentioned, the major balance of the billing was for conferences among the attorneys themselves and telephone calls. The senior partner of the attorneys testified that all telephone communications are billed at a minimum of $50 per call, even a telephone call of five minutes or less. In adding up the billing charged to telephone conversation, there appears to be more than $4,200 billed to telephone calls alone!
I note that there has not been one motion made or opposed in behalf of the defendants in this litigation. I note that the trial of the action is yet to commence. I note that from the pleadings this is not a complex case. I note that as of this moment that there was nothing in this case that could be characterized as having been "hard fought” as in Matter of Peerless Sales Corp. (104 AD2d 892, 893) as a criterion for fixing a fee. The proof submitted in the matter at bar did not demonstrate the need for the inordinate number of hours billed at the rate they were billed. In addition, in assessing reasonableness of fees, recognition of the difference between out-of-court work and trial work ought to be given. Indeed, the Legislature has made this distinction between the two in remunerating article 18-B counsel for in-court services and out-of-court services. (County Law § 722-b.)
Under applicable law, I not only have the authority to determine the reasonableness of fees charged, but to order a refund of fees already paid. (Fugazy v Fugazy, 149 AD2d 664; Jacobson v Sassower, 113 Misc 2d 279, affd 122 Misc 2d 863, affd 107 AD2d 603, affd 66 NY2d 991.) In my opinion, a reasonable fee for the services rendered including out-of-pocket expenses amounts to $5,000. It is unnecessary for me in making this evaluation to precisely spell out how I weighed the various factors in making this finding. (Shrauger v Shrauger, 146 AD2d 955.)
*645 Accordingly, the attorneys are directed to deliver to the present attorneys for the defendant all sums received by them as fees over and above $5,000. In addition, they are to deliver to the present attorney for the defendant all papers they are retaining as a lien for their services.