[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 3, 1996
This action for attorneys fees for services rendered came before this court on a hearing in damages. The plaintiff appeared and was heard; the defendant did not appear. The plaintiff is a well known trial lawyer. In 1990 and 1991, he represented the defendant in an action for dissolution of marriage which resulted in a judgment rendered by the court (Axelrod, J.) on January 24, 1992. In that matter, Judge Axelrod ordered the husband to pay to the defendant in this matter the sum of $12,000 for attorneys fees. After submitting a copy of Judge Axelrod's decision and the itemized statement of his bill for services rendered, the plaintiff here explained that it was his understanding that the defendant's position was that he, the plaintiff, was limited to only $12,000 in compensation. That, however, is not the law. First, such a claim is in the nature of collateral estoppel, which must be specially pleaded. Practice Book § 164;[1]Savoy Laundry, Inc. v. Stratford, 2 Conn. Sup. 459 (1987), later, 32 Conn. App. 636, 630 A.2d 159 (1993), cert. denied,227 Conn. 931 (1993). Second, "[t]he doctrine of collateral estoppel is a limited one. Collateral estoppel can be applied only to bar relitigation of facts that were formally put in issue and ultimately determined by a valid, final judgment. In re JuvenileAppeal (83-DE), 190 Conn. 310, 316-17, 460 A.2d 1277 (1983). To conclude otherwise would improperly infringe on a party's right to seek a judicial determination of disputed issues of fact."Carnese v. Middleton, 27 Conn. App. 530, 542, 608 A.2d 700 (1992). The plaintiff attorney in this action was not a party to the action for dissolution of marriage action and, therefore, could not have put any facts in issue on behalf of himself. Third, it is unclear from the memorandum of decision in the dissolution action whether Judge Axelrod determined the total amount of attorneys fees incurred by the defendant here. In an action for dissolution of marriage, the court may order one spouse to pay the other spouse's attorneys fees pursuant to General Statutes § 46b-62, "in accordance with their respective financial abilities and the criteria set forth in Section 46b-82." SeeKoizim v. Koizim, 181 Conn. 492, 501 (1980). Generally, the court will apportion such fees equitably and in such a manner as to not upset the integrity of its other financial orders. Fitzgerald v.CT Page 5120Fitzgerald 190 Conn. 26 (1983). However, in the absence of a finding of an equitable estoppel, an order pursuant to General Statutes § 46b-62 does not necessarily bind the attorney nor the client vis-a-vis the other.
"The court still is duty-bound to scrutinize the plaintiff's itemized statements of services to ensure that the overall bill is reasonable. Cass Sons, Inc. v. Stag's Fuel Oil Co., Inc.,148 Misc.2d 640, 561 N.Y.S.2d 519 (1990). Rule 1.5 of the Rules of Professional Conduct mandates that a `lawyer's fees shall be reasonable' and enumerates criteria by which reasonableness may be determined. Those rules are adopted by the judges of the superior court and, therefore are `laws.' Steadwell v. Warden,186 Conn. 153, 164 (1982) (Shea, J., dissenting)." Gordon Scalov. Ashton, Superior Court, Judicial District of Fairfield, No. 320592 (1995).
"`[A]ll of the time a lawyer spends on a case is not necessarily the amount of time for which he can properly charge his client.' The Morida Bar v. Richardson, 574 So.2d 60, 63 (Fla. 1990), reh. den. [The court is mindful of] [w]hat Judge Milton Pollock of the United States District Court for the Southern District of New York wrote several years ago . . .
 The `meter' approach (recording time) of computing compensation has created a tendency in applications of this sort to go so far as to obscure the objective value of the particular services to be evaluated in monetary terms. The meter method tends to disregard the fact that a fee for legal services must also bear a proper relationship to the value of the engagement to the client, the amount involved and the importance of the services required. The requirement that time records be kept by counsel seeking compensation through the courts was initiated as a check against runaway charges on the upside and to put in bold relief the actual time required and spent on a legal task. In short, time records were required to highlight unrestrained fee demands. However, the requirement of time records was not an invitation for the distortion of the value of the required services or the proliferation of unnecessary unwarranted activity in the light of the overall objective requirements of the case. CT Page 5121
 It is possible to spend an enormous amount of time on relatively and objectively trivial and inconsequential matter either through a failure to appreciate the overall place in the total engagement of a particular segment, or through lack of basic fundamental knowledge of the subject matter, or some other reason. Consequently, before the meter is allowed to sweep the costs out of proportion to the subject matter it is incumbent on counsel to discriminately select his activities consistent with the requirements of an engagement, but with a realistic awareness that a case may not be worth what the meter will tally up to if left to run without restraint.
Browning v. Peyton, 123 F.R.D. 75, 78 (S.D.N.Y. 1988). "Mindful of these teachings, this court has carefully scrutinized each entry on the plaintiff's itemized bills. `Courts have a general knowledge of what would be a reasonable attorneys fee for services which are fairly stated and described.' Appliances, Inc.v. Yost, 186 Conn. 673, 680 (1982)." Gordon Scalo v. Ashton,supra. The plaintiff s requested hourly rate of $125.00, if not indeed "manifestly antiquated"; Republic Insurance Co. v.DiNardo, 44 Conn. Sup. 207, 223 (1995), affirmed and adopted,41 Conn. App. 686 (1996): is unabashedly modest. The court finds that the plaintiff is entitled to attorneys fees in the amount of $17,000, plus disbursements of $1,587.25 for a total of $18,587.25. In addition, there is the issue of interest.[2] The plaintiff has been waiting for over four years for moneys that were due him for services rendered five and six years ago. Pursuant to General Statutes § 37-3a, the plaintiff is entitled to interest of 10% per annum.[3]
Accordingly, the plaintiff is awarded $18,587.25 damages plus interest of $7,434.90 for a total judgment of $26,022.21, plus costs of this litigation.
HURLEY, J.