■ CHEMICAL BANK, Respondent, v SANTA VAZQUEZ et al., Defendants, and MONEYLINE MONEY CENTERS, Appellant. [650 NYS2d 773] —In an action to foreclose a mortgage, Ford Consumer Finance Company, Inc., as successor by merger to Associates Equity Service Co., Inc., assignee of the defendant Moneyline Money Centers appeals from an order of the Supreme Court, Orange County (Owen, J.), dated May 15, 1995, which denied its motion (a) to vacate a judgment of foreclosure and sale entered upon its default in answering the complaint, (b) for leave to withdraw its notice of appearance, and (c) for leave to serve an answer.

Ordered that the order is affirmed, with costs.

The court, in its discretion, may relieve a party from the effect of its default upon, *inter alia,* proof of both a meritorious claim or defense and a reasonable excuse for the default *(see,* CPLR 5015 [a] [1]; *Putney v Pearlman,* 203 AD2d 333; *Household Fin. Realty Corp. v Delmerico,* 202 AD2d 636; *Schiavetta v McKeon,* 190 AD2d 724), or proof that the default was the result of the fraud, misrepresentation, or misconduct by an adverse party *(see,* CPLR 5015 [a] [3]; *Oppenheimer v Westcott,* 47 NY2d 595; *Putnam County Natl. Bank v Simpson,* 204 AD2d 297; *Christ-Mitch Realty Corp. v Clarkson Realty Corp.,* 122 AD2d 245).

Here, the appellant moved to vacate its default in the underlying mortgage foreclosure action based on its assertion that it has an interest in the mortgaged premises superior to that of the respondent Chemical Bank.

However, the facts giving rise to this assertion were part of the public record and available to the appellant since, at the latest in October of 1991. Indeed, the appellant's belated discovery of such facts was apparently due to its failure to have made the requisite inquiries until long after the action had been commenced and its time to answer had expired. Because the appellant did not proffer a reasonable excuse for this failure, or set forth facts indicating that it was the result of the fraud, misrepresentation, or misconduct of Chemical

Bank, the Supreme Court did not improvidently exercise its discretion in denying the appellant's motion to vacate its default.

In light of the foregoing, the appellant's remaining contention is academic. Mangano, P. J., Miller, Ritter and Thompson, JJ., concur.