■ LAW FIRM OF JOEL R. BRANDES, P. C., Appellant, v THERESA FERRARO, Respondent. [685 NYS2d 83] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Driscoll, J.), dated August 13, 1997, which granted the defendant's motion to vacate a judgment of the same court, entered upon her default in answering the complaint, to transfer the action to the Supreme Court, Westchester County, for consolidation with a pending application to fix a charging lien in an action entitled *Ferraro v Ferraro,* under Index No. 3270/94, and, in effect, to reduce the plaintiff's ad damnum clause from the sum of $355,159.85 to the sum of $212,000.

Ordered that the order is modified, on the law, by deleting the provision thereof which reduced the plaintiff's ad damnum clause from the sum of $355,159.85 to the sum of $212,000; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County.

The court, in its discretion, may relieve a party from the effect of its default upon, among other things, proof of both a meritorious claim or defense and a reasonable excuse for the default (*see,* CPLR 5015 [a] [1]; *Chemical Bank v Vazquez,* 234 AD2d 253). Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in vacating the judgment entered upon the defendant's default in answering. Moreover, the court properly transferred the matter to the Supreme Court, Westchester County, for consolidation with the plaintiff's pending application for a charging lien in the matrimonial action in which the plaintiff represented the defendant (*see,* CPLR 602).

However, the court erred in concluding that the award of counsel fees made by the Supreme Court, Westchester County, in the judgment of divorce precluded the plaintiff from seeking to recover payment of the full amount of the attorneys' fees in this separate action based on the retainer agreement entered into by the defendant and the plaintiff (*see, e.g., Sassower v Barone,* 85 AD2d 81; *Reisch & Klar v Sadofsky,* 78 AD2d 517). Also, whether the total amount of the fees charged is unconscionable is an issue not susceptible to summary disposition at this point. A trial, therefore, is necessary, at which all of the various factors relating to the issue of unconscionability or unreasonableness may be considered (*see, e.g., Cass & Sons v Stag's Fuel Oil Co.,* 148 Misc 2d 640, *mod on other grounds* 194 AD2d 707; 7 NY Jur 2d, Attorneys at Law, § 202). Bracken, J. P., Miller, Ritter and Thompson, JJ., concur.