■ ALIZA HALALI et al., Respondents, v VISTA ENVIRONMENTS, INC., et al., Defendants. EVANSTON INSURANCE COMPANY, Nonparty Appellant. [779 NYS2d 117]—

In an action to recover damages for personal injuries, etc., the nonparty, Evanston Insurance Company, appeals from an order of the Supreme Court, Kings County (Held, J.), dated July 2, 2003, which denied its motion, inter alia, to vacate a judgment of the same court dated September 21, 2001, entered upon the defendant's default, which is in favor of the plaintiffs and against the defendant in the principal sum of $390,000.

Ordered that the order is affirmed, with costs.

The nonparty appellant, Evanston Insurance Company, is an "interested person" with standing to move pursuant to CPLR 5015 to vacate the judgment entered against the defendant, its insured (*see Oppenheimer v Westcott,* 47 NY2d 595, 602 [1979]; *Lane v Lane,* 175 AD2d 103, 105 [1991]; *Citibank v Keller,* 133 AD2d 63, 64 [1987]; *see also Woodson v Mendon Leasing Corp.,* 100 NY2d 62 [2003]). However, the Supreme Court providently exercised its discretion in declining to vacate the judgment.

A court may vacate a default judgment upon proof of a meritorious defense and a reasonable excuse for the default, or upon proof that the judgment resulted from fraud, misrepresentation, or misconduct (*see Chemical Bank v Vazquez,* 234 AD2d 253 [1996]; *see also* CPLR 5015 [a] [1], [3]). Contrary to the appellant's contention, it failed to demonstrate that the judgment in this case resulted from a misrepresentation or misconduct on the part of the plaintiffs' counsel (*see Woodson v Mendon Leasing Corp., supra; Caiola v Allcity Ins. Co.,* 257 AD2d 586 [1999]; *Chemical Bank v Vazquez, supra).* Further, the appellant did not establish a reasonable excuse for the default (*see Matter of Gambardella v Ortov Light.,* 278 AD2d 494 [2000]). Nor did it demonstrate that vacatur was warranted on the ground of newly-discovered evidence (*see Chemical Bank v Vazquez, supra).*

The appellant's remaining contentions are either without merit or need not be reached in light of the foregoing. Altman, J.P., Smith, Krausman and Skelos, JJ., concur.