■ In the Matter of David C. Roosa, an Attorney and Counselor-at-Law, Respondent. Committee on Professional

STANDARDS, Petitioner. [709 NYS2d 659] —Per Curiam. Respondent was admitted to practice by the Appellate Division, Fourth Department, in 1997. He maintains his law office in New Berlin, Chenango County.

Having granted the motion of petitioner, the Committee on Professional Standards, for an order declaring that no factual issues are raised in this matter (*see*, 22 NYCRR 806.5), and having heard respondent in mitigation, we now find respondent guilty of the following professional misconduct and impose the following discipline.

Respondent falsely notarized the signatures of two clients on documents he submitted to courts in support of an uncontested default divorce and stipulating to a modification of support, respectively, in violation of this Court's disciplinary rules (*see*, 22 NYCRR 1200.3 [a] [4], [5], [7]; 1200.33 [a]). The divorce client had signed the documents prior to his death but respondent notarized his signature as if the client had signed them six days after he had died. Because respondent did not adequately advise the court that his client had died prior to his submission of the application for an uncontested default divorce, he engaged in frivolous conduct (*see*, 22 NYCRR 130-1.1-a; 1200.3 [a] [5], [7]; 1200.33 [a]). It appears that respondent believed he could obtain a posthumous divorce. Respondent also failed to provide his divorce client with the proper Statement of Client's Rights and Responsibilities (*see*, 22 NYCRR 1200.3 [a] [5], [7]; 1400.2); improperly accepted a partial fee prior to entering into a written retainer agreement with him (*see*, 22 NYCRR 1200.3 [a] [5], [7]; 1200.11); entered into a retainer agreement that did not contain all of the provisions required by this Court's rules (*see*, 22 NYCRR 1200.3 [a] [5], [7]; 1400.3); and improperly accepted and used a payment on the client's behalf after his death for filing fees (*see*, 22 NYCRR 1200.3 [a] [5], [7]). With respect to the stipulation, respondent mailed the document to his client's address and when he received a signed copy in return, he notarized the signature. Subsequent investigation revealed the signature was a forgery and the court vacated its order based upon the stipulation. By his false notarization, respondent attempted to mislead and deceive the court (*see*, 22 NYCRR 1200.3 [a] [4], [5], [7]; 1200.33 [a]. It appears respondent believed the stipulation was in his client's favor. Respondent also failed to provide her with the required Statement of Client's Rights and Responsibilities and obtain her signed receipt thereof (*see*, 22 NYCRR 1200.3 [a] [5], [7]; 1400.2). We find respondent not guilty of the charges insofar as they allege violation of 22 NYCRR 1200.3 (a) (3) and

other violations of 22 NYCRR 1200.3 (a) (4); and not guilty of specification 1 of charge III and of specifications 1 and 3 through 5 of charge IV insofar as the latter allege violation of 22 NYCRR 1200.11.

Although we find the submission of falsely notarized documents to the courts serious professional misconduct, we conclude that, in view of the circumstances presented, especially respondent's apparent lack of venal motive and his relative inexperience as an attorney, censure is the appropriate discipline. We also direct respondent, within one year from the date of this decision, to complete six credit hours of accredited continuing legal education in ethics and professionalism in addition to the accredited continuing legal education required of all attorneys (see, 22 NYCRR part 1500; cf., Matter of Davis, 269 AD2d 732). Respondent shall report said completion to petitioner.

Mercure, J. P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that respondent is found guilty of professional misconduct as set forth in this decision; and it is further ordered that respondent is censured; and it is further ordered that respondent shall complete six credit hours of accredited continuing legal education in ethics and professionalism, as set forth in this decision.