[734 NYS2d 600]

In the Matter of MELINDA POLLARD (Admitted as MELINDA YVETTE POLLARD), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 17, 2001

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse,* Brooklyn (*Colette M. Landers* of counsel), for petitioner.

*Jerome Karp*, Brooklyn, for respondent.

OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing three charges of professional misconduct. In her answer, she admitted, in part, and denied, in part, the charges in the petition. After a hearing, the Special Referee sustained all three charges. The petitioner now moves to confirm the Special Referee's report. The respondent does not oppose the petitioner's motion, but contends that the sanction imposed should be limited to a public censure.

Charge One alleged that the respondent engaged in conduct involving dishonesty, deceit, fraud, and misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]).

In September 1999, the petitioner received a complaint from Renee Wright alleging professional misconduct by the respondent, her attorney. Ms. Wright, who retained the respondent in September 1998 to represent her in an uncontested divorce, alleged that the respondent neglected the case and failed to provide her with a retainer agreement.

On September 9, 1999, the petitioner forwarded a copy of the complaint to the respondent and directed her to submit a written answer within 10 days. In her answer, which was received on November 12, 1999, the respondent made deliberate false and misleading statements that she was prevented from retrieving her file from the office of an attorney with whom she had a personal dispute, resulting in her inability to timely prosecute Ms. Wright's matter.

At her investigative appearance at the petitioner's office on January 13, 2000, the respondent gave deliberately false and misleading testimony that she stored Ms. Wright's file in the office of another attorney in Brooklyn, New York, and that she had a personal dispute with the attorney which arose when she rebuffed his sexual advances, as a result of which she was denied access to Ms. Wright's file, rendering her unable to prosecute the divorce.

Charge Two alleged that the respondent neglected a legal matter entrusted to her, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

After Renee Wright retained the respondent in September 1998 to represent her in an uncontested divorce, the respon-

dent failed to take timely steps to obtain the divorce. As a result of her neglect, the respondent did not file with the court the necessary documents to procure the divorce until November 26, 1999, after Ms. Wright filed her complaint with the petitioner.

Charge Three alleged that the respondent failed to provide a client with a written retainer agreement in a matrimonial matter, in violation of Rules of this Court (22 NYCRR) § 1400.3, and Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

In September 1998, Renee Wright retained the respondent to represent her in an uncontested divorce. The respondent failed to provide Ms. Wright with a written retainer agreement until January 2000, after she received a copy of the complaint that Ms. Wright filed with the petitioner.

In view of the evidence adduced at the hearing, including the respondent's admissions, all three charges were properly sustained by the Special Referee.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider her traumatic past, her personal and professional difficulties following her reinstatement, and her work as a prosecutor with the United Nations, a position in which she contends she does not present any threat to the public.

The respondent's prior disciplinary history consists of the previously mentioned one-year suspension and an admonition.

Under the circumstances of this case, the respondent is suspended from the practice of law for one year.

BRACKEN, O'BRIEN, RITTER, SANTUCCI and ALTMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Melinda Pollard, is suspended from the practice of law for a period of one year, commencing January 16, 2002, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof that (a) during the said period she refrained from practicing or attempting to practice law, (b) she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10), and (c) she has otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Melinda Pollard, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.