[740 NYS2d 120]

In the Matter of PETER W. BIRKETT, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 8, 2002

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The petitioner served the respondent with a petition dated January 4, 2001, containing one charge of professional misconduct against him. After a hearing on August 13, 2001, at which the respondent was granted permission to submit a written allegation in lieu of making a personal appearance, the Special Referee sustained the charge. The petitioner now moves to confirm the Special Referee's report. The respondent has neither cross-moved nor submitted any papers in reply. The respondent failed to make a written submission or to appear at the hearing, although duly notified.

Charge One alleges that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

The respondent was retained to represent Akido Sticatto (also known as Aikido) in or before January 1997 in connection with his appeal of a manslaughter conviction. He was paid approximately $7,500 for that representation. The respondent failed to move for poor person relief until approximately November 1998, after a complaint was filed with the Grievance Committee for the Second and Eleventh Judicial Districts. This Court granted the application for poor person relief by order dated January 22, 1999. The respondent failed to file a brief on behalf of Mr. Sticatto until approximately July 13, 2000.

There were six communications from the Court to the respondent between October 1998 and May 2000 with respect to the status of the Sticatto appeal. On April 26, 2000, the defendant requested that the respondent relieve himself as counsel and requested that the Court disregard anything filed by the respondent. The defendant's request was subsequently withdrawn. The appellate brief ultimately submitted by the respondent was rejected by this Court on June 27, 2000, as lacking a table of contents, CPLR 2105 certification, and pagination. A replacement brief and appendix were filed on July 13, 2000.

In his answer dated February 1, 2001, the respondent admitted the allegations of the petition. By way of mitigation, he explained that Mr. Sticatto's father had retained him with post-dated checks. Shortly thereafter, the checks were returned for insufficient funds and the respondent was unable to reach the elder Mr. Sticatto. Additionally, the respondent underwent a period of depression for which he sought treatment. He stated

that he would never take another appeal. He moved to Florida, is not practicing law, and does not know if he will ever seek admission to the Florida bar.

The respondent conceded that instead of moving immediately for leave to proceed for poor person relief or leave to withdraw from the appeal, he did nothing. He concedes his neglect.

By letter dated July 24, 2001, the petitioner notified the respondent of the hearing scheduled for August 13, 2001. The respondent failed to appear. Although granted permission to submit a written answer in lieu of a personal appearance, the respondent failed to do so. Under the circumstances, the facts are not in dispute and the Special Referee properly sustained the charge. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the petitioner points out that the respondent was issued a Letter of Caution on February 19, 1997, for neglecting a criminal appeal and failing to keep his client informed. On April 22, 1998, the petitioner issued an Admonition for neglecting a criminal appeal and delaying the refund of the unearned portion of his retainer fee for three months after acknowledging his obligation to do so. In issuing the Admonition, the petitioner took into account the mitigating circumstances presented, including the respondent's candid admission of neglect and his eventual refund of the unearned fee to his client. The petitioner also considered that the respondent had previously been issued a Letter of Caution for similar neglect of an appeal.

Notwithstanding the mitigation offered by the respondent in his answer, this is the third instance of neglect which has warranted the attention of the petitioner. Under the totality of circumstances, the respondent is suspended from the practice of law for one year.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and SMITH, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Peter W. Birkett, is suspended from the practice of law for a period of one year, commencing May 8, 2002, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempt-

ing to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Peter W. Birkett, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.