OPINION OF THE COURT
SONDRA K. PARDES, J.
Defendant moves for an order pursuant to CPLR 3211 dismissing the complaint in this action.
This is an action to collect legal fees. The complaint alleges that these fees are due and owing based on “an oral contract between plaintiff and defendant” and based on quantum meruit. Plaintiff asserts that on or about June or July 2002, the defendant, Gregory Ronan (Ronan), and his law firm (GRD), “engaged” plaintiff to represent Ronan and GRD in two matters pending in New York County Supreme Court. Plaintiff asserts that it provided substantial legal services for the defendants and tendered a bill for these services on July 17, 2002 which the defendants have steadfastly refused to pay.
Defendants, in their answer dated October 2, 2002, deny, inter alia, that they retained the plaintiff; that the plaintiff *705 provided the services described in the complaint; that there was an “oral contract between plaintiff and defendants”; and deny plaintiffs assertion that there are any legal fees due and owing. Additionally, defendants assert, as an affirmative defense, that plaintiff failed to supply defendants with a written retainer agreement.
In support of the instant motion, defendant Ronan avers that a mutual friend arranged for Frank D’Errico, Esq., a law school classmate of Ronan’s, to make one appearance in New York County Supreme Court, on behalf of the defendants, to request an adjournment. Ronan states that it was his understanding that D’Errico was not going to charge any fee for the time it took to request this adjournment because he agreed to do so as a “courtesy” to a former classmate and fellow attorney. Ronan asserts that D’Errico did nothing more than make one appearance to request an adjournment and never sent him a written retainer agreement. Defendants maintain that plaintiffs failure to send a written retainer agreement, as required by the Code of Professional Responsibility, bars this action for attorney fees and therefore the complaint must be dismissed.
Plaintiff did not submit any opposition to the defendants’ motion.
The rules with respect to written letters of engagement are set forth in the Rules of the Appellate Division, All Departments (22 NYCRR) part 1215.
Section 1215.1 (22 NYCRR) provides, in pertinent part:
“(a) Effective March 4, 2002, an attorney who undertakes to represent a client and enters into an arrangement for, charges or collects any fee from a client shall provide to the client a written letter of engagement before commencing the representation, or within a reasonable time thereafter * * *
“(b) The letter of engagement shall address the following matters:
“(1) explanation of the scope of the legal services to be provided;
“(2) explanation of attorney’s fees to be charged, expenses and billing practices; and “(3) where applicable, shall provide that the client may have a right to arbitrate fee disputes under Part 137 of [the Rules of the Chief Administrator].
“(c) Instead of providing the client with a written letter of engagement, an attorney may comply with *706 the provisions of subdivision (a) of this section by entering into a signed written retainer agreement with the client, before or within a reasonable time after commencing the representation, provided that the agreement addresses the matters set forth in subdivision (b) of this section.”
In considering a motion to dismiss pursuant to CPLR 3211, the material allegations of the complaint are deemed to be true. (Marini v D’Apolito, 162 AD2d 391 [1st Dept 1990].) In the instant case the plaintiff unequivocally states that its demand for legal fees is based on an “oral contract” with the defendants. Additionally, plaintiff failed to refute defendants’ assertions that they never sent a written letter of engagement or retainer to defendants before or within a reasonable time after they provided the alleged legal services. Therefore the court must accept as true the fact that the plaintiff failed to comply with 22 NYCRR 1215.1.
Inasmuch as the enactment of 22 NYCRR 1215.1 is relatively recent, this court was unable to find any cases that address the specific issue raised herein. However, 22 NYCRR 1215.1 is substantially similar to Rules of the Appellate Division, All Departments (22 NYCRR) § 1400.3, the rule affecting attorneys who represent clients in domestic relations matters. Section 1400.3 took effect in 1993 and provides that an attorney who “undertakes to represent a party and enters into an arrangement for, charges or collects any fee from a client shall execute a written agreement with the client setting forth in plain language the terms of compensation and the nature of services to be rendered.”
Since the enactment of 22 NYCRR 1400.3, the courts have repeatedly held that an attorney who fails to provide a client with a written retainer agreement is “precluded” from recovering legal fees. (See, Mulcahy v Mulcahy, 285 AD2d 587 [2d Dept 2001], lv denied 97 NY2d 605 [2001]; Kayden v Kayden, 278 AD2d 202 [2d Dept 2000]; Hunt v Hunt, 273 AD2d 875 [4th Dept 2000].) Additionally, in cases of attorney disciplinary proceedings, the appellate courts have regularly imposed disciplinary penalties against attorneys for failure to comply with section 1400.3. In Matter of Pollard (290 AD2d 83, 85 [2001]), the Appellate Division, Second Department, cited respondent’s failure to provide a client with a written retainer agreement as a “violation of Rules of this Court (22 NYCRR) § 1400.3, and Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).” (See also, Matter of Roosa, 273 AD2d 535 [3d Dept 2000].)
*707 Inasmuch as the plaintiff in this action acknowledged its failure to comply with the provisions of 22 NYCRR 1215.1 by failing to provide the defendants with a written letter of engagement or written retainer agreement, this court finds that plaintiff is precluded from recovering legal fees.
Accordingly, it is ordered that defendants’ motion is granted and this action is dismissed.