[797 NYS2d 200]

In the Matter of LAWRENCE BAKER, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, April 29, 2005

**APPEARANCES OF COUNSEL**

*Andrea E. Tomaino, Associate Counsel, Seventh Judicial District Grievance Committee,* Rochester, for petitioner.

*Petra H. Topping,* Rochester, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on September 18, 1979, and maintains an office for the practice of law in Rochester. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from his representation of a client in a matrimonial matter. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Prior to the hearing, the parties executed a stipulation resolving outstanding issues of fact. Respondent testified at the hearing with respect to matters in mitigation. The Referee filed a report, which the Grievance Committee moves to confirm.

The Referee found that respondent agreed to represent a client at the request of another and allowed the other person to act as an agent for the client. Respondent accepted a retainer fee from the agent and used the agent to deliver to and return documents from the client. Respondent never met or communicated with the client throughout the course of the representation. Additionally, respondent falsely notarized the purported signature of the client on a document that was submitted to Supreme Court. After respondent obtained a judgment of divorce on behalf of the client, the client revealed that he was an inmate at a correctional facility and claimed that he had no knowledge of the proceeding and had not signed any of the documents that had been submitted to the court.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer;

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 5-107 (a) (1) (22 NYCRR 1200.26 [a] [1])—accepting compensation for legal services from one other than the client without the consent of the client after full disclosure; and

DR 5-107 (b) (22 NYCRR 1200.26 [b])—permitting a person who recommends, employs or pays him to render legal services for another to direct or regulate his professional judgment in rendering such legal services, or to cause him to compromise his duty to maintain the confidences and secrets of the client pursuant to DR 4-101 (b) (22 NYCRR 1200.19 [b]).

We have considered, in mitigation, the Referee's finding that the agent was a longtime friend of respondent and that respondent believed and relied upon the representations that she made to him. Additionally, we note that respondent previously had an unblemished record. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured (*see Matter of Roosa*, 273 AD2d 535 [2000]).

PIGOTT, Jr., P.J., HURLBUTT, KEHOE, MARTOCHE and LAWTON, JJ., concur.

Order of censure entered.