OPINION OF THE COURT
Arlene P. Bluth, J.
*623 Plaintiff sued defendant, an attorney, to recover the $7,500 she paid him in legal fees. The matter was tried before this court on May 6, 2005. Both parties appeared pro se (representing themselves) and testified on their own behalf. Based upon the evidence introduced at trial and having had the opportunity to observe the demeanor of the witnesses and credibility of their testimony, the court finds as follows:
Findings of Fact
Plaintiff retained defendant in October 2004 to represent a family member, hereinafter A.B., who had been arrested in New Mexico. The parties orally agreed that defendant would represent A.B. through and including his upcoming trial. At the time defendant was retained, A.B. had no interest in plea bargaining, but rather was intent on being totally exonerated at trial. Defendant told plaintiff that his fee for handling the matter would be $15,000. Plaintiff told defendant that she could not pay the entire fee up front; defendant agreed to accept payment in two installments — the first half payable immediately and the other half payable at the time of the trial. In her testimony, plaintiff insisted that there was neither a written retainer agreement nor a letter of engagement. Although defendant testified that he believed he did execute a written retainer agreement with plaintiff, as is his practice in new matters, he was unable to produce the agreement. The court credits plaintiffs testimony that there was no writing, and finds that defendant failed to execute a written retainer agreement in this case. It is undisputed that plaintiff delivered a check for $7,500 to defendant on October 21, 2004 (plaintiffs exhibit 1), constituting the first installment of his fee. Defendant went to New Mexico in November 2004 to meet with A.B. and local counsel (because defendant is not admitted in New Mexico, local counsel was mandatory). The second installment of $7,500 was never paid or demanded.
Plaintiff contends that she is due a refund of the $7,500 that she paid because defendant did not provide the services for which she retained him. One specific instance of defendant’s failure, plaintiff testified, was that he failed to answer an “important” pretrial motion as promised, and failed to appear in court on the motion return date. Defendant explained that he prepared opposition papers to the motion and forwarded them to local counsel in New Mexico to be filed. Unbeknownst to him, however, the papers were never filed because local counsel reached an agreement with the prosecutor to conduct a *624 hearing on the subject (regarding a prior arrest in Texas for similar charges) instead of a written motion. Defendant could not make the date of the hearing agreed to by the two New Mexico attorneys, and requested that it be adjourned. Unfortunately, on the date the hearing was to be adjourned, defendant received a call that the hearing was about to go forward without defendant there to argue for A.B. In order to stop the hearing from going forward, defendant instructed A.B. to fire the local counsel. The hearing was then rescheduled, but on the return date, defendant was actually engaged in a trial in Queens County. Defendant testified that he notified all sides, and the hearing was adjourned to February 4, 2005; defendant was present on that February date. The court credits defendant’s testimony about the above series of events.
It is undisputed that defendant made two trips to New Mexico — one in November 2004 and the second in February 2005; the trial was scheduled for February 7. During the first visit, he met with A.B., and also with the then-local counsel to obtain the case documents and background. During the second visit, defendant argued for A.B. on several motions in limine, and prevailed on several significant issues, including the aforementioned motion (about the prior Texas arrest) that had been adjourned. Shortly before the trial, defendant negotiated a very favorable plea agreement with the prosecutor. While A.B. faced a sentence of 63 to 78 months in prison if convicted, he pleaded guilty in exchange for a sentence of 19 to 24 months, with credit for time served.
Plaintiff testified that she should not have to pay for defendant’s trip to New Mexico in February because he had to be there anyway for another client, and no trial was conducted. Defendant testified that the purpose of his trip was A.B.’s trial and pretrial motions, and that his work for another client was scheduled only because he happened to be in town for A.B. There is no dispute, however, that defendant did work on AJB.’s case while in New Mexico. This court finds that plaintiff did not pay for defendant’s February 2005 trip to New Mexico since plaintiff never paid (or was billed) for the airfare or hotel. Plaintiff knew such expenses were not included in the $15,000 fee, as plaintiff paid separately for defendant’s airfare and hotel for his November 2004 trip to New Mexico.
This court finds that defendant rendered the services that he was retained to render — that is, he represented A.B. through the end of the case. When the parties agreed on representation, *625 they both assumed that there would be a trial — A.B. was not interested in entering a plea, and the prosecutor’s prior plea deal had been withdrawn. Defendant explicitly testified that he assumed that the case would go to trial; although plaintiff did not specifically testify what her understanding was, this court finds that plaintiff retained defendant to represent A.B. through the end of the case, be it by jury verdict or plea bargain. At no time during the lengthy trial did plaintiff claim that she should get a refund because there was a plea rather than a trial; instead, plaintiff claimed that she was due a refund because defendant did not represent A.B. as he was retained to do — most notably, that he did not oppose the motion regarding the prior Texas arrest either in writing or at the hearing. However, as stated above, during defendant’s second trip to New Mexico, he argued for A.B. on several motions in limine, and prevailed on the issue of the prior Texas arrest. Therefore, although defendant may not have been able to resolve the issue at the time plaintiff wanted him to — and the matter was adjourned, causing plaintiff considerable worry — the end result was terrific for A.B. Defendant addressed and won the motion, as well as several other motions. In fact, it is not difficult to conclude that defendant’s skillful representation made the prosecutor reevaluate his position, and defendant was able to obtain a very favorable plea.
Conclusions of Law
An attorney is required in every* case to either provide his client with a written letter of engagement or to enter into a signed written retainer agreement with the client. This writing must explain the scope of the legal services to be provided, the fees to be charged, the expenses and billing practices and, where appropriate, the client’s right to arbitrate fee disputes. (See 22 NYCRR 1215.1.) An attorney’s failure to comply with section 1215.1 precludes him from recovering fees for legal services performed for the client. (See Klein Calderoni & Santucci, LLP v Bazerjian, 6 Misc 3d 1032[A], 2005 NY Slip Op 50274[U] [Sup Ct, Bronx County 2005]; Feder, Goldstein, Tanenbaum & D’Errico v Ronan, 195 Misc 2d 704 [Nassau Dist Ct 2003].) However, the attorney’s failure to comply with that provision does not entitle the client to a return of legal fees where the services have already been rendered.
*626 In reaching this conclusion, the court looks to the law in matrimonial actions, where the attorney-client relationship is subject to even stricter rules regarding written retainers, designed to prevent abuses of clients who are in a particularly vulnerable stage. (See 22 NYCRR 1400.1 et seq.) In fact, a matrimonial attorney’s violation of 22 NYCRR 1400.3 (requiring a written retainer agreement to be filed with the court) can result in disciplinary sanctions. (See Feder, Goldstein, Tanenbaum & D’Errico, 195 Misc 2d at 706.) Even in that context of heightened caution, however, courts have held that an attorney’s failure to execute a valid retainer agreement does not warrant “the return of a retainer fee already paid for properly-earned services.” (Mulcahy v Mulcahy, 285 AD2d 587, 588 [2d Dept 2001]; see also Markard v Markard, 263 AD2d 470 [2d Dept 1999].) It follows, then, that the same rule should apply here. Therefore, although defendant failed to either provide plaintiff with a letter of engagement or execute a signed retainer agreement with her, he is not required to return the $7,500 she paid him for legal services.
Plaintiff and defendant had an oral retainer agreement. (See Glazer v Jack Seid-Sylvia Seid Revocable Trust, 2003 NY Slip Op 51416[U], *10 [Nassau Dist Ct 2003] [finding that “plaintiff concede(d) the material terms of the retainer”].) Both parties believed that defendant was being retained to represent A.B. at trial, and neither party contemplated how defendant’s compensation might differ if the case did not proceed to trial. However, at no time did plaintiff believe that defendant would be offering his services free of charge. (Cf. Nadelman v Goldman, 7 Misc 3d 1011[A], 2005 NY Slip Op 50551[U] [Civ Ct, NY County 2005]; Matter of Feroleto, 6 Misc 3d 680, 682 [Sur Ct, Bronx County 2004].) Nor did she testify to a belief that her check for $7,500 would be returned if she were dissatisfied with the result of the representation. Indeed, contingent fee agreements are proscribed as unethical in criminal cases. (See People v Winkler, 71 NY2d 592 [1988]; Code of Professional Responsibility DR 2-106 [c] [1] [22 NYCRR 1200.11 (c) (1)].) Moreover, although a cause of action for legal malpractice “may theoretically also rest on breach of contract to obtain a particular bargained-for result, this is not that rare kind of case where ... an attorney agrees not only to represent a client, but also guarantees a result.” (Matter of RM. Kliment & Frances Halsband, Architects [McKinsey & Co.], 3 AD3d 143, 145 [1st Dept 2004] [internal quotation marks and citation omitted]; see also Kaplan v Sachs, 224 *627 AD2d 666, 667 [2d Dept 1996].) The court does not find that defendant breached any agreement with plaintiff with respect to his representation of A.B., and he did represent A.B. through the end of the case.
Thus, since defendant provided legal services to A.B. at plaintiffs request in exchange for her remittal of the $7,500, there is no basis for disgorging that fee from defendant.
Accordingly, judgment is for defendant.

 There are exceptions, but none are applicable here.