OPINION OF THE COURT
Eileen N. Nadelson, J.
Plaintiff, an attorney licensed to practice law in the state of New York for over 50 years, brought this action against his former clients for legal fees occasioned by his representing them in *415 a real estate transaction. Plaintiff had represented the individual client several times in the past with respect to real property purchases and transfers, and was the attorney who formed the corporate defendant.
The instant action arose when the individual defendant asked plaintiff to represent him and the corporation in a real estate closing involving the mortgaging of six properties that had been transferred to the corporation. Defendant brought some of the documents to plaintiff on Thursday, the closing to be held the following Monday morning. Plaintiff was not involved in the negotiation of the mortgage note, and was hired to review the papers and represent defendants at the Monday closing.
Plaintiffs past representation for defendant (hereinafter the singular form is used to reflect both the individual and corporate defendants) had never included this type of mortgaging procedure, and his past bills sent to defendant had not exceeded $1,000. Plaintiff did not have any letter of engagement with defendant, and after the closing sent defendant a bill for $8,901.50.
During the bench trial, plaintiff testified that there had been no time to have defendant sign either a letter of engagement or a retainer agreement, he had represented defendant previously without any written agreement, and that defendant never disputed his bill but only sent him a check for $3,500, which plaintiff deposited on account without indicating it was deposited under protest.
Defendant testified that he disputed the bill sent to him by plaintiff because it was considerably higher than any other bill submitted to him by plaintiff for previous work performed, and that he called plaintiff to challenge the cost but plaintiff would not talk to him. He stated that he sent the check for $3,500 because he believed that that was more than a fair fee for the work performed.
At trial plaintiff failed to produce any written diary indicating the time spent on this representation. Plaintiff testified that he could not recall the specific hours and time that he spent on the matter. At one point the court attempted to calculate the hours based on plaintiffs testimony, and asked plaintiff if it was about 38 hours, which plaintiff indicated seemed right. When questioned about his normal billing practices, plaintiff stated that he does the work and then sends a bill based on what he thinks the work is worth. The previous bills sent to defendant that were either testified to or admitted into evidence only indicate the nature of the work performed and the amount billed—they never indicate days or hours worked.
*416 Defendant does not dispute that plaintiff reviewed the documents, made some modifications thereto that were incorporated into the final papers, and appeared at the closing on his behalf. Defendant also testified that, based on his previous bills from plaintiff, he had never been charged more than approximately $100 to $125 per hour; however, this is mere supposition because none of plaintiff’s bills indicate an hourly fee or number of hours worked.
Neither party introduced any evidence of what would constitute the customary hourly fee for an attorney in plaintiffs geographical area and type of practice.
Since 2002, attorneys practicing in the state of New York are required to adhere to the provisions of 22 NYCRR 1215.1 which states:
“(a) . . .an attorney who undertakes to represent a client and enters into an arrangement for, charges or collects any fee from a client shall provide to the client a written letter of engagement before commencing the representation, or within a reasonable time thereafter:
“(1) if otherwise impracticable; or
“(2) if the scope of services to be provided cannot be determined at the time of the commencement of representation.
“For purposes of this rule . . . [wjhere there is a significant change in the scope of services or the fee to be charged, an updated letter of engagement shall be provided to the client.
“(b) The letter of engagement shall address the following matters:
“(1) explanation of the scope of the legal services to be provided;
“(2) explanation of attorney’s fee to be charged, expenses and billing practices; and
“(3) where applicable, shall provide that the client may have a right to arbitrate fee disputes . . .
“(c) Instead of providing the client with a written letter of engagement, an attorney may comply with the provisions of subdivision (a) of this section by entering into a signed written retainer agreement with the client, before or within a reasonable time after commencing the representation, provided that the agreement addresses the matters set forth in *417 subdivision (b) of this section.”
Certain exceptions exist with respect to these requirements, which are enumerated in 22 NYCRR 1215.2. These exceptions include representation of a client where the fee to be charged is expected to be less than $3,000, or the representation is of the same general kind as previously rendered to and paid for by the client.
Initially, the few cases that have been brought under these rules have precluded attorneys who did not adhere to their provisions from collecting any fee for services performed. (Feder, Goldstein, Tanenbaum & D’Errico v Ronan, 195 Misc 2d 704 [Nassau Dist Ct 2003].) However, a recent decision from this court has allowed attorneys to recover under a theory of quantum meruit. (See Lewin v Law Offs. of Godfrey G. Brown, 8 Misc 3d 622 [Civ Ct, Kings County 2005].) This court must decide whether the case at bar falls within one of the exceptions to the rule or, if not, whether plaintiff may be entitled to recover the reasonable value of the services performed.
Plaintiff argued that it was impracticable to have either a letter of engagement or a retainer agreement because of the short time frame involved in the representation. In Klein Calderoni & Santucci, LLP v Bazerjian (6 Misc 3d 1032[A], 2005 NY Slip Op 50274[U] [Sup Ct, Bronx County 2005]), the court did not accept a similar argument of lack of time when the evidence presented indicated that the clients went to the attorney’s offices on May 14, 2004, and the hearing for which the representation was sought was held on May 19, 2004. The court also found the attorney’s argument that the past dealings with the client negated the necessity of a written agreement to be unavailing. The period involved was five days, the exact number of days involved in the case at bar. Consequently, the court finds plaintiff’s argument of lack of practicability due to time constraints to be without merit.
Plaintiff next argued that the scope of the services could not have been determined at the commencement of the representation because he did not receive all of the paperwork on the Thursday in question. Defendant disputes this. However, even if some papers arrived a few days later, plaintiff still had a sufficient amount of time to create a letter of engagement. This aspect of the rule only applies to letters of engagement, not to written retainer agreements, which may be provided within a “reasonable time” after the representation commences (22 NYCRR 1215.1 [c]) and which could have been provided to defendant.
*418 Plaintiffs last argument regarding having a written agreement with defendants is that the services were of the same general kind previously rendered to the client. This argument appears to be specious in light of plaintiffs constant assertions that this work was significantly more complicated and complex than the previous real estate work he had performed for defendant. Further, pursuant to 22 NYCRR 1215.1 (a) (2), a letter of engagement is necessary when there is a significant change in the fee charged, which occurred in this case.
Based on the foregoing, the court concludes that plaintiff failed to meet the requirements of 22 NYCRR 1215.1 and, therefore, is precluded from recovering the amount for which he billed.
The court now turns to the determination of a reasonable fee for work performed under a theory of quantum meruit. As stated earlier, no evidence was presented at trial, other than plaintiffs self-serving statements, as to the number of hours spent or the customary rate for attorneys in plaintiffs geographic area with similar experience, nor was any expert testimony provided with respect to the difficulty of the work performed. In the Lewin case cited above, which is the only decision based on the rule under scrutiny that permitted a recovery under quantum meruit for a failure to adhere to 22 NYCRR 1215.1, the court permitted the attorney to retain the amount he had already received as the reasonable value of his services. This court believes a similar recovery would be appropriate in the instant case. There is no question as to the fact that legal services were rendered, and there is also no substantiated evidence of hours worked or an hourly rate for the court to calculate a specific dollar amount above the $3,500 that was already paid. The court notes that this amount greatly exceeds the amounts previously billed and paid by defendant to plaintiff for prior legal real estate services.
Plaintiffs final argument for recovery of the full amount billed is based on a theory of an account stated. An “account stated” is an account balanced and rendered, with an assent to the balance expressed or implied, so that the demand is essentially the same as if a promissory note had been given for the balance. (Parker Chapin Flattau & Klimpl v Daelen Corp., 59 AD2d 375 [1st Dept 1977].) An account stated may be established between an attorney and a client. (Rodkinson v Haecker, 248 NY 480 [1928].) However, one requirement to recover under this theory is that the client assent to the bill. In *419 the instant case defendant stated that he disputed the bill by-telephone, and his payment of $3,500 was not intended as a partial payment that acknowledged the legitimacy of the entire amount sought. Therefore, this argument for recovery must fail.
However, plaintiff did incur certain expenses, amounting to $151.50, for which the court believes he is entitled to be reimbursed because there is no indication that the payment made by defendant included these costs.
Based on the foregoing, the court finds for plaintiff in the sum of $151.50, representing his unreimbursed expenses.