*267 OPINION OF THE COURT
Leland G. DeGrasse, J.
Defendant/counterclaimant, Davidoff Medito & Hutcher, LLP (DMH) moves for an order of attachment with respect to the property of plaintiffs/counterdefendants, Silver Huntington Enterprises, LLC (SHE), Silver Huntington Realty, LLC (SHR) and counterdefendants Rhona Silver, Rhobar, Inc. and Rhobar Development Associates, LLC. DMH, a law firm, has filed an answer containing a counterclaim for fees due for legal services it rendered on behalf of Rhona Silver, SHE and SHR pursuant to an engagement letter. DMH also alleges by way of counterclaim that SHR has transferred two parcels of land to the Rho-bar entities with the intent to defraud DMH and other creditors of Silver, SHE and SHR.
The causes of action set forth in the complaint recite DMH’s representation of SHE and SHR in an action brought against them in this court by another law firm, Gallet, Dryer and Berkey, LLP The relief prayed for in the complaint includes a judgment declaring that SHE and SHR are entitled to a refund of fees they paid DMH and that they are not obligated to pay additional fees.
A party seeking an order of attachment must show, among other things, that it has a claim which will probably succeed on the merits (CPLR 6212 [a]). Plaintiffs and counterdefendants argue that such a showing has not been made because DMH’s engagement letter does not comply with 22 NYCRR 1215.1. The rule provides that, upon retention, an attorney shall provide his or her client with a letter of engagement which explains (1) the scope of legal services to be provided; (2) the fees to be charged, expenses and billing practices; and (3) where applicable, the availability of fee dispute arbitration under part 137 of the Rules of the Chief Administrator (22 NYCRR 137.0 et seq.). Conceding that there is no appellate authority on the subject, counter defendants cite Feder, Goldstein, Tanenbaum & D’Errico v Ronan (195 Misc 2d 704 [2003]), in which it was held that a law firm’s failure to comply with 22 NYCRR 1215.1 precluded the recovery of its fee. A written letter of engagement is not required, however, where the attorney’s services are of the same general kind as previously rendered to and paid for by the client (22 NYCRR 1215.2). Pursuant to an engagement letter dated May 10, 2002, DMH represented Silver, SHE and SHR in another lawsuit, Huntington Town House, Inc. v Silver Huntington *268 Enterprises, LLC (the Manno action), which was pending in Supreme Court, Suffolk County. The Manno action engagement letter sufficiently explains the scope of services, the fees to be charged and the billing practices as required by 22 NYCRR 1215.1. In addition, DMH has made a prima facie showing that the services it rendered in the Gallet and Manno actions are of the same general kind. Part 137 of the Rules of the Chief Administrator does not apply to claims involving substantial legal questions, including professional malpractice or misconduct (22 NYCRR 137.1 [b] [3]). The court takes judicial notice of the fact that SHE and SHR have alleged misconduct consisting of deceit in violation of Judiciary Law § 487 as a counterclaim in the Gallet action.* Therefore, the engagement letter’s failure to explain the availability of fee dispute arbitration is of no consequence.
DMH seeks an order of attachment on the ground that Silver conveyed the two parcels to the Rhobar entities with intent to defraud her creditors or frustrate the enforcement of a judgment that might be rendered in DMH’s favor (see CPLR 6201 [3]). The conveyances occurred on November 12 and November 30, 2004. DMH claims to have billed Silver and her entities $1,327,352 for services rendered. Of that amount $784,499.23 has been paid leaving an alleged outstanding balance of $542,852.77. On October 4, 2005, approximately 11 months after the Rhobar conveyances, Silver settled the Gallet lawsuit for $275,000. In addition, DMH’s client ledger report reflects payments by Silver of approximately $300,000 since the time of the Rhobar conveyances. Attachment is a harsh remedy and CPLR article 62 is strictly construed in favor of those against whom it may be employed (Glazer & Gottlieb v Nachman, 234 AD2d 105 [1996]). The fraudulent intent required by CPLR 6201 (3) is not lightly inferred (see Societe Generale Alsacienne De Banque, Zurich v Flemingdon Dev. Corp., 118 AD2d 769, 772 [1986]). Upon considering the facts and the applicable law, the court concludes that Silver’s payments to DMH coupled with her settlement of the Gallet action adequately refute the assertion that the Rhobar conveyances were made with fraudulent intent. Accordingly, the motion is denied. The undertak *269 ing given on the temporary restraining order is discharged. A preliminary conference shall be conducted on July 31, 2006 at 2:00 p.m. On the court’s initiative and pursuant to CPLR 3104 discovery shall be supervised by a special referee. DMH shall file a copy of this order with the IAS Judicial Support Office within 20 days after entry.

 A court may take judicial notice of undisputed portions of its file (Ptasznik v Schultz, 247 AD2d 197 [1998]; Matter of Allcity Ins. Co. [Kondak], 66 AD2d 531, 533 [1979]).