[859 NYS2d 728]

In the Matter of VINCENT F. SICCARDI, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 10, 2008

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Sharon Gursen Ades* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition dated March 23, 2007, containing three charges of professional misconduct. After a prehearing conference on August 15, 2007, and a hearing on October 3, 2007, the Special Referee, in effect, sustained all three charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate under the circumstances. The respondent has neither cross-moved nor submitted any papers in response to the Grievance Committee's motion.

Charge one alleges that the respondent neglected a legal matter entrusted to him by a client, Salvatore DiFiore, in violation of Code of Professional Responsibility DR 6-101 (a) (3) and DR 1-102 (a) (7) (22 NYCRR 1200.30 [a] [3]; 1200.3 [a] [7]).

Mr. DiFiore retained the respondent to represent him in a criminal appeal in or about September 2000 and paid him a retainer in the sum of $3,000. By letter dated June 28, 2001, the respondent advised his client that the brief was close to completion. By letter dated June 5, 2002, the respondent indicated that he had sent the client a final copy of the brief and sought his authorization to file it. Notwithstanding those representations, the respondent never perfected the DiFiore appeal.

Charge two alleges that the respondent neglected a legal matter entrusted to him by a client, Maia Peisahkman, in violation of Code of Professional Responsibility DR 6-101 (a) (3) and DR 1-102 (a) (7) (22 NYCRR 1200.30 [a] [3]; 1200.3 [a] [7]).

Ms. Peisahkman retained the respondent to represent her in an appeal in or about May 2004 and paid him a retainer in the sum of $2,500. The respondent never perfected her appeal. As a result, the appeal was noticed for dismissal.

Charge three alleges that the respondent neglected a legal matter entrusted to him by a client, Lisa Kenner, in violation of Code of Professional Responsibility DR 6-101 (a) (3) and DR 1-102 (a) (7) (22 NYCRR 1200.30 [a] [3]; 1200.3 [a] [7]).

Ms. Kenner retained the respondent to represent her in a matrimonial action in or about April 2003. The respondent purchased an index number and filed the summons and complaint in or about June 2003. He thereafter failed to take any further action on the matter until approximately September 2004 when he filed Ms. Kenner's affidavit and his own affirmation in support of the divorce.

In late 2005, the respondent inquired of the court regarding Ms. Kenner's matter and learned, for the first time, that her case had been discontinued in April 2005. Ms. Kenner's judgment of divorce was eventually signed in or about January 2006.

In view of the respondent's unequivocal admissions, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee notes that neglect of client matters has been held to constitute professional misconduct which warrants discipline (see Matter of Birkett, 292 AD2d 57 [2002]; Matter of Pollard, 290 AD2d 83 [2001]).

Contrary to the respondent's recollection, he was issued an admonition, rather than a letter of caution, on October 21, 1992, for failing to respond to letters of inquiry sent to him by the Clerk of the Appellate Division concerning two criminal appeals.

By way of the mitigation, the respondent points out the affirmative steps he has undertaken to ease the stresses of his law practice and to avoid future disciplinary problems, despite the Grievance Committee's notation that he did not seek psychiatric help in earnest for some time after it was suggested to him by Grievance Counsel, and the absence of economic loss to his clients. Notwithstanding his family tragedies and his own medical problems, the respondent has admittedly neglected three legal matters entrusted to him and was previously admonished for failing to respond to inquiries about two criminal appeals pending in this Court. Under the circumstances, the respondent is suspended from the practice of law for a period of six months.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and LIFSON, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Vincent F. Siccardi, is suspended from the practice of law for six months, commencing July 10, 2008, with leave to apply for reinstatement upon the expiration of said period, upon furnishing satisfactory proof that during said period he: (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (c) complied with the applicable provisions of 22 NYCRR 691.11 (c) (4), and (d) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Vincent F. Siccardi, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Vincent F. Siccardi, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).