[945 NYS2d 921]

In the Matter of Lawrence Baker, an Attorney, Respondent. Grievance Committee of the Seventh Judicial District, Petitioner.

Fourth Department, June 8, 2012

## APPEARANCES OF COUNSEL

*Andrea E. Tomaino, Principal Counsel, Seventh Judicial District Grievance Committee,* Rochester, for petitioner.

*Richard A. Kaul,* Rochester, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on September 18, 1979, and maintains an office in Rochester. The Grievance Committee filed a petition charging respondent with acts of misconduct, including engaging in sexually inappropriate conduct during a pretrial conference. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. The Referee filed a report, which the Grievance Committee moves to confirm. Respondent cross-moves for an order rejecting the report of the Referee.

The parties appeared before the Court for argument of their respective motion and cross motion, and respondent was heard in mitigation at that time. This Court thereafter requested clarified findings from the Referee with respect to certain allegations in the petition. The Referee filed clarified findings and the parties were afforded an opportunity to respond to the Referee's submission. The Grievance Committee subsequently filed an affirmation from its counsel requesting that the clarified findings of the Referee be confirmed in their entirety.

The Referee found that, during 2010, respondent and opposing counsel in a litigation matter attended a pretrial conference that was held in the chambers of a Justice of the Supreme Court. The Referee further found that, after the Justice left the room to attend to another matter, respondent admittedly engaged in inappropriate conversation and conduct of a sexual nature, including touching opposing counsel on the shoulder with what respondent characterized as a "love tap." Although respondent attempted to explain his admitted conduct as a "bad joke," the Referee found that his explanations in that regard were "disingenuous and calculating."

In addition to the inappropriate conversation and conduct to which respondent admitted, the Referee found that respondent engaged in additional unwanted and highly inappropriate conduct of a sexual nature, including exposing his genitals to opposing counsel, twice kissing her on her neck and shoving both of his hands inside her blouse and bra and touching her

breasts. The Referee further found that respondent engaged in additional inappropriate conversation of a sexual nature, which included crude sexual references to opposing counsel's anatomy.

We confirm the findings of fact made by the Referee and conclude that respondent has violated the following Rules of Professional Conduct:

rule 8.4 (b) (22 NYCRR 1200.0)—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer; and

rule 8.4 (h) (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer.

We have considered, in determining an appropriate sanction, the matters submitted by respondent in mitigation, including his expression of remorse. We note respondent's disciplinary history, however, which includes a prior censure imposed by this Court (*Matter of Baker*, 18 AD3d 62 [2005]), and a prior letter of caution for engaging in inappropriate conduct directed toward a client. We have further considered the finding of the Referee that respondent's explanations for his admitted inappropriate conduct were disingenuous, and that the Referee discredited respondent's hearing testimony wherein respondent denied the most serious allegations of misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of two years and until further order of the Court.

CENTRA, J.P., PERADOTTO, LINDLEY and MARTOCHE, JJ., concur.

Order of suspension entered.